[No. 588. Decided March 8, 1893.]

FRANK TURPIN et al., *Respondents*, v. A. D. WHITNEY et al., *Appellants*.

APPEAL — REFUSAL TO DISSOLVE ATTACHMENT — HARMLESS ERROR.

Error of the court in overruling a motion to dissolve an attachment, and in continuing by judgment the lien upon the goods attached, is harmless where the judgment in the main action is conceded to be right, and the goods attached would have been subject to execution upon such judgment. (STILES, J., dissents.)

*Appeal from Superior Court, Thurston County.*

*Eddy, Gordon & Agnew*, and *James A. Haight*, for appellants.

*John C. Kleber*, and *Phil Skillman*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—Respondents brought their action against appellants to recover $400.72, on account of goods sold and delivered to appellants by respondents. On the same day the complaint was filed, the respondents filed an affidavit and bond upon which an attachment was issued out of the superior court of Thurston county against the property of appellants, and a levy was made thereunder. Appellants moved to dissolve the attachment, and affidavits and counter affidavits were filed in support of, and opposed to, said motion. Upon the hearing the motion was denied, to which ruling of the court the appellants excepted. No answer or other pleading was interposed to the complaint. In due course of time appellants' default was decreed and judgment was rendered according to the prayer of the complaint, and the lien of the levy under the writ of attachment proceedings was continued in said judgment upon the property covered by said levy and attachment.

The only error alleged here is the action of the court in overruling the motion to dissolve the attachment, and it is claimed that the judgment should simply be a judgment *in personam*. Inasmuch as the judgment in the main case is conceded to be right, it would be idle to reverse the judgment, even though we should conclude that the court erred in not sustaining the motion to dissolve the attachment, a question upon which we do not now pass. For the effect would have been the same, whether by the terms of the judgment the lien of the attachment proceeding was continued in the judgment or not, for if the judgment had simply been *in personam*, under the provisions of § 312, Code Proc., the sheriff would have satisfied the judgment out of the attached property. The matter appealed from

here does not affect the merits of the action, and appellants must seek their remedy, if they have any, on the attachment bond.

The judgment is affirmed.

HOYT, SCOTT, and ANDERS, JJ., concur.

STILES, J. (*dissenting*).—I cannot concur in the judgment of the court. The constitution guarantees to every litigant the right to have all material questions involved in his case reviewed by this court, and both the statute and the decisions affirm that an appeal will lie only from a final judgment. Now in *Windt v. Banniza*, 2 Wash. 147 (26 Pac. Rep. 189), we held that an order refusing to dissolve an attachment was not a final order, so as to allow of its being appealed from separate from the main case, and this decision clinches the bonds of a wrongful attachment by refusing to entertain the error of the court in refusing to dissolve where there is no dispute that the debt was due. In nine cases out of ten where attachments are levied there is no dispute as to the debt, and therefore in an equal proportion of cases outrageous wrong may be perpetrated, as there was in this case, without any remedy, except upon a suit for damages. In my opinion so much of the judgment as continued the lien upon the attached property ought to have been vacated, and appellants should have had all costs upon the attachment and of this appeal.