# 106                  MAXWELL v. GRIFFITH.

[No. 3039.   Decided October 21, 1898.]

JAMES MAXWELL, *Respondent,* v. JOHN H. GRIFFITH
et al., *Appellants.*

APPEAL — PREPARATION OF TRANSCRIPT — ACTION ON ATTACHMENT
BOND — WHEN PREMATURE — ATTORNEY'S FEE — QUESTION FOR JURY
— EVIDENCE — JUDICIAL NOTICE.

A motion to strike appellants' brief, because the latter had
not caused the clerk of the lower court to prepare or certify
a transcript of the record on appeal at the time the briefs of
the parties were prepared, will be denied, where the respondent
did not move against the record on that ground, or make any
attempt to procure its preparation at an earlier date, and there
is no showing that injury resulted therefrom.

An action on an attachment bond is premature, where an
appeal from the final judgment is pending, involving an inter-
locutory order dissolving the attachment, as the provision of
Code Proc., § 295 (Bal. Code, § 5357), authorizing an action on
the bond before the principal suit is determined, is repealed
by Laws 1893, p. 119, § 1, subd. 1 (Bal. Code, § 6500), providing
that an appeal from a final judgment shall bring up for review
any order made in the same action or proceeding, either before
or after judgment, in case the record presents it sufficiently
for the purpose of review.

Both the trial and the appellate court will take judicial
notice, in an action on an attachment bond, of the pendency
of an appeal involving an order dissolving the attachment, where
the records of the respective courts disclose that fact.

The attorney's fee received in proceedings for the dissolu-
tion of an attachment, as distinguished from the attorney's fee
for the action on the bond, which Code Proc. § 295 (Bal. Code,
§ 5357), provides shall be fixed by the court, is a matter of
damages to be submitted to the jury in an action on the attach-
ment bond.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.   Reversed.

*W. A. Lewis,* for appellants:

In the absence of express statutory authority for the court to fix the amount of attorney fees to be allowed for securing the discharge of the attachment in the original suit, such attorney fees are actual damages to be alleged, proven and found by the jury, in an action on the attachment bond, the same as any other element of actual damages. *Tyler v. Safford,* 31 Kan. 608; *Brandon v. Allen,* 28 La. An. 60; *Heath v. Lent,* 1 Cal. 410; *State v. Gage,* 52 Mo. App. 464; *Higgins v. Mansfield,* 62 Ala. 267; *Solomon v. McLennan,* 81 Iowa, 406; *Swift v. Plessner,* 39 Mich. 178; *Raymond v. Green,* 12 Neb. 215 (41 Am. Rep. 763); *Jacobus v. Monongahela National Bank,* 35 Fed. 395; *Buckley v. Van Diver,* 70 Miss. 622; *Byrne v. Gardner,* 33 La. An. 6; *Byford v. Girton,* 57 N. W. 588.

*Crow & Williams,* for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiff recovered judgment in an action upon an attachment bond, from which the defendants have appealed. A motion is made to strike the appellants' brief, because at the time the same was prepared, and also when the respondent's brief was prepared, the appellants had not caused the clerk of the superior court to prepare or certify a transcript of the record on appeal. We think this motion should be denied, for the reason that, if the time had elapsed within which to prepare the record, the respondent should have moved against it for that reason. He has not done so, nor, apparently, did he make any attempt to procure the preparation of the same at an earlier date. Also, an inspection of the respondent's brief and the matters presented by the record shows that no injury resulted to him, nor has the court been embarrassed in considering the case.

At the time this action was begun, an appeal from the

judgment in the principal action had been taken, and was pending in this court; and also, as a part of the same, and incorporated therein, error was alleged in the action of the court in dissolving the attachment. That appeal is yet pending and undetermined, and the appellants contend that this action upon the bond was prematurely brought for that reason. The motion to dissolve and the order dissolving the attachment were admitted in evidence. The appellants requested that the entire record of the principal action in the lower court be admitted in evidence, and also offered certain parts of it showing an appeal from the order dissolving the attachment, which were excluded by the court; and one of the contentions of the respondent is that the pendency of that appeal cannot be considered by the court, because it is not presented by the record in this case. But it appears from the documents which were introduced, and also elsewhere by the record, that this was the attachment proceeding involved in the action aforesaid, which had been appealed; and, furthermore, the records of that court and this showed that such an appeal had been taken and was pending, and both that court and this should take judicial knowledge of the fact; and the only question to be determined is, can an action be maintained on an attachment bond where dissolution has been granted by the lower court, and the judgment dissolving the attachment is appealed from, and its validity undetermined? In support of his contention, the respondent cites § 295, 2 Hill's Code (Bal. Code, § 5357), being a part of the attachment act passed in 1886, which contains a provision that an action may be brought on the bond before the principal suit is determined. He also cites the cases of *Turpin v. Whitney,* 6 Wash. 61 (32 Pac. 1022), decided before the last appeal act went into effect, and *Jensen v. Hughes,* 12 Wash. 661 (42 Pac. 127), and

Laws 1893, p. 119, providing for appeals to the supreme court, § 1 of which, in subdivision 4 (Bal. Code, §6500), authorizes an appeal from an order refusing to discharge an attachment, but makes no specific mention of any appeal from an order of discharge. The case of *Turpin v. Whitney* is not very much in point, and the case of *Jensen v. Hughes* was an interlocutory appeal. The first subdivision of said section provides that an appeal from a final judgment shall bring up for review any order made in the same action or proceeding either before or after judgment, in case the record presents it sufficiently for the purpose of review. And in *Sheppard v. Guisler,* 10 Wash. 41 (38 Pac. 759), the court ruled that an appeal would lie from an order dissolving an attachment after final judgment. Also, in the case of *Windt v. Banniza,* 2 Wash. 147 (26 Pac. 189), it was held that an interlocutory appeal would not lie from an order dissolving an attachment; but the discussion of the case clearly shows that the court was of the opinion that it might be reviewed on an appeal after final judgment. The statute having specially provided for an appeal from an order refusing to dissolve, and not from one dissolving, an attachment, there was good ground for holding that an appeal from such an order could not be taken where the principal action was pending; but this would be all the more reason for holding that the order might be reviewed in an appeal from or after the final judgment, otherwise such an order could not be reviewed at all, and in many cases a judgment in favor of the plaintiff in the principal action would be of little or no avail if the attachment lien should be lost. The debt might not be disputed, and the lien be the whole substance of the controversy.

We think it is the intention of the law, expressed by the constitution and the acts of the legislature, that all mat-

ters, other than those excepted in the constitution, passed upon in the lower court, affecting the substantial rights of parties litigant, may be reviewed by this court in some manner. And this matter is clearly within the terms of the appeal act (§ 1, Laws 1893, aforesaid), where it provides for the reviewing of any order made before or after judgment in any action or proceeding, etc. Section 295, *supra,* is somewhat inconsistent with § 293 (Bal. Code, § 5355), in providing what is sufficient to authorize a recovery, as one of the conditions described in § 293 is that the plaintiff shall prosecute his action without delay. In case an action on the bond should be brought before the final disposition of the principal action, the time would still be running; and it can hardly be supposed that it was intended to provide for several actions by the same plaintiff on the same undertaking. But, aside from this, we are of the opinion that the appeal act aforesaid authorizes a review of an order dissolving an attachment where the appeal is taken after final judgment; and, this being the case, the provision of the act of 1886 authorizing an action on the bond before the principal suit is determined cannot stand, it being in conflict with the later act. Consequently, the order dissolving the attachment in this case having been regularly appealed to this court, and undetermined, the order of dissolution was not a final one, but was suspended, and therefore the action was prematurely begun.

A number of questions have been presented by the appeal which will not be considered, as the foregoing disposes of the case; but a controversy having arisen as to whether the attorney's fees for obtaining a dissolution of the attachment should be fixed by the court or by the jury, and the lower court having been of the opinion that it was not a question for the jury, under our holding in *Seattle*

*Crockery Co. v. Haley,* 6 Wash. 302 (33 Pac. 650, 36 Am. St. Rep. 156), we have deemed it best to call attention to the fact that in the discussion of that case, at page 314, the court failed to observe the distinction between the attorney's fee incurred in the dissolution proceedings and the attorney's fee in the action upon the bond. Section 295, *supra,* provides that, in an action upon the bond, the attorney's fee for such action shall be fixed by the court, but the attorney's fee incurred in the proceedings for dissolving the attachment is a matter of damages, to be submitted to the jury in an action on the bond, the same as any other claim thereon, there being no statutory provision to the contrary.

Reversed and remanded, with instructions to dismiss.

ANDERS, DUNBAR, GORDON and REAVIS, JJ., concur.