[No. 3539. Decided December 9, 1901.]

CHARLES C. ERNST *et al., Respondents,* v. SARAH FOX, *Appellant.*

PLEADING — VARIANCE — NEW TRIAL.

The action of the court in giving judgment for defendants because of variance between the pleadings and proof of plaintiffs being erroneous, under Bal. Code, §§ 4949, 4950, which provide that in case of variance the court may order the pleading to be amended upon such terms as shall be just, if the adverse party has been misled, or may order an immediate amendment without costs, when the variance is not material, it was proper for the court to correct its ruling by granting a new trial upon motion therefor.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*H. B. Huntley,* for appellant.

*Remsberg & Simmonds,* for respondent.

PER CURIAM.—The respondents, who were plaintiffs below, brought this action against the appellant to foreclose a mechanic's lien. In their complaint the respondents alleged that they entered into a contract with the appellant, through her authorized agents, to make certain needed repairs to the houses upon which the lien was filed, for which the appellant agreed to pay them the sum of $118.37; that they performed the services agreed upon, but that the appellant had "not paid the said sum of $118.37, nor any part thereof." In the notice of lien, which is set out in the complaint, it is stated that the respondents performed labor upon, and furnished material to be used in the repair of the buildings liened upon, and that the value of the same was the sum claimed to be due. The answer admits that the respondents "performed cer-

tain plumbing and work in the houses mentioned in the complaint," but denies that the appellant agreed to pay therefor $118.37, or any sum other than the reasonable value of the services, which she alleges to be $50, pleading a tender of that amount. On the trial of the cause 'the respondents testified to the furnishing of the materials and the performance of the labor at the appellant's request, and to the reasonable value of the labor and material, but offered no evidence tending to show the alleged agreement on the part of the appellant to pay $118.37, therefor. At the conclusion of their case, on the motion of the appellant for judgment because of variance between the pleadings and proofs, the court held there was a variance, and directed that a judgment be entered for the respondents for the amount admitted to be due by the answer. Afterwards, on motion of the respondents, and before judgment was entered, the court granted a new trial for the reason as recited in the order, "that there was error in granting the defendant's motion to disregard the plaintiff's testimony because it did not support the allegations of the complaint. . . . ." This appeal is from the order granting a new trial.

The appellant contends that there was a variance between the allegations and the proofs of the respondents, and because of this fact the court was right in directing a judgment in accordance with the answer, and that it was error for him afterwards to reverse his ruling and grant a new trial. But we do not think this contention sound. Under the code (§ 4949, Ballinger's) it is provided that "no variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." And, "whenever it shall be alleged that a party has been so

misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just." By § 4950, it is provided that, "when the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs." Hence, when a variance is claimed by a plaintiff or defendant, his remedy is not to move for judgment in his favor, or for nonsuit, but he must show that he has been misled to his injury, when the court will order the pleadings amended, and undertake to compensate the injured party with costs. For a variance, whether or not it results in injury, the court has no power to enter judgment for the injured party, or nonsuit the other, in the first instance. It must first give the party in the wrong an opportunity to correct his error, and enter judgment against him, or nonsuit him, when he refuses or neglects to take advantage of such opportunity. In the case in hand there was no such variance as required an allowance of costs. The appellant was not misled. On the contrary, she set out in her answer the contract as the respondents attempted to prove it. The court, instead of directing a judgment against the respondents, should have directed them to amend their complaint at once, so as to make it correspond with their proofs, and then proceed to a determination of the action upon its merits. It was not error, therefore, for the court afterward to correct its own mistake. *Olson v. Snake River Valley R. R. Co.*, 22 Wash. 139 (60 Pac. 156); *Wheeler v. F. A. Buck & Co.*, 23 Wash. 679 (63 Pac. 566); *Shephard v. Gove, ante,* p. 452.

In *Distler v. Dabney,* 3 Wash. 200 (28 Pac. 335), and *Osten v. Winehill,* 10 Wash. 333 (38 Pac. 1123), relied

upon by the appellant, the court was discussing a departure in pleading, not a variance between the pleadings and the proofs, and the cases cannot be said to be in point on the question presented by this record.

The order appealed from is affirmed.