## ROBINSON v. FOUST, ADMINISTRATOR.

[No. 4,453. Filed October 8, 1903.]

HUSBAND AND WIFE.—*Wife not Required to Support Husband.*—A wife is under no legal obligation to support her husband, nor to pay out of her separate property, the expenses of her husband's last sickness and funeral expenses. *pp. 387, 388.*

SAME.—*Wife's Agreement to Pay Expenses of Husband's Last Sickness.*— A husband was sick and unable to support himself. His wife upon the promise of her husband's grandfather to make certain provision for her out of his estate supported her husband out of her own separate means until his death. *Held*, that the agreement formed the basis of a valid claim against the grandfather's estate. *pp. 388, 389.*

From Montgomery Circuit Court; *Jere West*, Judge.

Robinson *v.* Foust.

Action by Emma Robinson against John M. Foust, administrator of the estate of Aaron Foust, deceased. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Benjamin Crane* and *A. B. Anderson,* for appellant.

*W. T. Whittington, W. A. Whittington* and *W. P. Britton,* for appellee.

ROBINSON, C. J.—Appellant filed a claim against the estate of appellee's decedent, averring, in substance: That in 1880 she was married to Edward A. Kelsey, a grandson of decedent Aaron Foust, and lived with him as his wife until his death on the 14th day of February, 1886, leaving appellant as his only heir. Edward was the only child and heir of Catherine Kelsey, who died in November, 1864, prior to the death of her father, Aaron Foust, leaving Edward, who was about eighteen months old, whom decedent took into and maintained in his family until he was about six years old, regarding him as a son, and declaring and intending that he should have a child's portion of his estate. At the time of her marriage appellant was given $50 in cash and $150 in personal property by her father. In the fall of 1884 her husband became sick of consumption, and died February 14, 1886. When he became sick he was without any money or property of any kind or means of support, and was unable to work or in any way support himself or appellant, and was soon confined to the house and to his bed, and so continued until his death. In the spring of 1885 appellant had the personal property given her by her father, and some $200 or $300 in other property her father had given her. Aaron Foust frequently visited Kelsey while sick, and often requested appellant to provide for him, and to furnish him out of her means with provisions, fuel, and medicines, and pay the rent of the house, and during the last few weeks of Edward's life to provide attendants for him, and promised

her that if she would do this he would help her as far as he then could, and that he would see to it that she was amply paid therefor, and would make suitable provision for her at his death.  Appellant, relying on these promises, and induced thereby, expended all of her means and property in paying for the support and maintenance of her husband and in providing provisions, fuel, and medicines, and paying rent from February, 1885, until her husband's death.  Again in January, 1886, Aaron Foust promised appellant that if she would continue to support her husband, and provide him with provisions, fuel, medicines, rent, and attendants, as she had been doing, he would pay her for what she had already paid out and expended and might thereafter expend, and would make provision for her out of his estate.  That on that day, in order to evidence such promise, Aaron Foust executed the following instrument: "At my death I promis my granson E. A. Kelsey that his wife shall be paid from my estate $3,500, if living.  [Signed] Aaron Foust."  Afterwards on the same day Aaron Foust proposed to pay the doctor's bill and funeral expenses, and in that event the amount thereof should be deducted from the $3,500 mentioned in the foregoing instrument, and as evidence of such promise executed the following: "Crawfordsville, Indiana, January 25, 1886.  I, Aaron Foust, her in prisent of friends and witnes promis my granson Edward A Kelsey that at my death his wife if living shal have all due him the same as if he was living after his Dr. Bil and Furnel is taken out. sign.  Aaron Foust.  Witness, Albert Kelsey, Witness, M. Fahey, Witness, Susan E. Coleman.  Written by Mike Fahey."

Both instruments were on that day delivered to appellant's husband.  That appellant, induced by these promises, expended her property and money in the support of her husband during the year of 1885 and until the time of his death, and in so doing expended all of her property ex-

cept a part of her household goods; and at the request of appellee's decedent, and relying upon and induced by the above promises, appellant's father, at her request, paid the house rent for many months, and paid for an attendant during the last few weeks of her husband's life. Prior to and at the time of the execution of the above instruments decedent promised appellant that for what she had done and might thereafter do in supporting her husband she would be paid, and that he intended that she should have out of his estate at his death the sum of $3,500. At that time and at the time of his death Aaron Foust owned property of the value of $26,000, which he disposed of to others, making no provision whatever for appellant.

The rule of the common law that the husband and wife could not deal together rests upon the theory that in legal contemplation the husband and wife are one person, and not upon the theory that the wife is under a legal disability. This rule still prevails except where the legislature has expressly modified or annulled it, and the question is not whether disabilities have been removed, but whether the rule has been annulled. The common law status of husband and wife very plainly denies to both the husband and wife a right to compensation for services rendered by either for the benefit of the other. It is quite true that the common law rights and duties growing out of the marital contract have been very materially modified in many respects by statutes. And while the enlightened policy of modern legislation has given a married woman certain rights and powers denied her by the common law, yet these statutory innovations upon the common law have not gone so far as to permit unrestrained commercial dealings between husband and wife. The statutory right of the wife to recover for her own services does not change the relation between husband and wife nor does it exonerate the wife from the performance of any proper services for the benefit of the husband. It is the duty of husband and wife to

protect and care for each other in sickness.   This duty, arising out of the married relation, is to be performed in conformity with the mutual obligations assumed when they became husband and wife.   The common law and scriptural obligation to be a "help-meet" to her husband still rests upon the wife, and unless she carries on a separate business, or works for others on her own account, her earnings are the property of the husband.  *Board, etc.,* v. *Brown,* 4 Ind. App. 288; *Hensley* v. *Tuttle,* 17 Ind. App. 253; *Kedey* v. *Petty,* 153 Ind. 179.

Had appellant and her husband entered into a contract that she should be reimbursed out of his estate for money of her own expended for his support, the contract could not have been enforced.   *Corcoran* v. *Corcoran,* 119 Ind. 138, 4 L. R. A. 782, 12 Am. St. 390.

If it be admitted that it was appellant's legal duty as wife to use her own property and means to furnish her husband with the necessaries of life, it follows that a promise to reimburse her is without consideration.  *Shortle* v. *Terre Haute, etc., R. Co.,* 131 Ind. 338; *Spencer* v. *McLean,* 20 Ind. App. 626, 67 Am. St. 271.

But, if it be admitted that it was her legal duty to use her own means for his support, it would follow that her estate must pay a claim of a third person furnishing such support.   However, appellant's claim is not for any services rendered her sick husband.   The consideration for the promise made for her benefit was not the performance of any wifely duties.  Nor is it a question as to the moral and social obligations of the wife to care for and support her sick husband.   The extent to which a wife will observe such obligations beyond the discharge of the wifely duties imposed by the marriage relation is a question she must determine for herself.   Her personal property, which the common law gave to the husband upon marriage, is now, by statute, hers absolutely.   She may do with it as she might do if unmarried.   There was no common law

right of the husband to support out of the wife's property corresponding to the wife's right to support out of her husband's property. And the statute which makes her personal property hers absolutely has imposed no burdens in the husband's favor. She may contract with reference to it as she chooses. *Young* v. *McFadden,* 125 Ind. 254. There is no statutory provision in this State making the "expenses of the family" and the "education of the children" chargeable upon the property of both husband and wife, or either of them. *Grant* v. *Green,* 41 Iowa 88. Under the married woman's acts the property she claims to have used was hers as though unmarried, and there is no statute imposing upon her the legal duty to use it in any particular way.

The instrument sued on is in writing, signed by the decedent and contains a promise by the decedent to pay the claimant a sum of money from his estate if she be living at the time of his death. She avers the consideration for this promise. The decedent entertained for his grandson the love and affection of a father, and desired that he be properly provided for in his last sickness. He contracted for the performance of certain acts, and placed an estimate upon their value to him. Nothing is averred to authorize us to disturb that estimate. We can not substitute our judgment for his. The decedent obtained all he contracted for, and the claimant, relying upon the promise as made, performed the conditions agreed upon. See *Wolford* v. *Powers,* 85 Ind. 294, 44 Am. Rep. 16, and cases cited; *Price* v. *Jones,* 105 Ind. 543, 55 Am. Rep. 230; *Mullen* v. *Hawkins,* 141 Ind. 363; *Farber* v. *National, etc., Co.,* 140 Ind. 54; *Ditmar* v. *West,* 7 Ind. App. 637; *Shover* v. *Myrick,* 4 Ind. App. 7.

The claim is sufficient against a demurrer. Judgment reversed.