[No. 7936.· Department One.   July 1, 1909.]

## E. R. Butterworth & Sons, *Respondent*, v. Sarah C. Teale, *Appellant*.[1]

PLEADING—VARIANCE—PREJUDICE.   Under a complaint for the reasonable value of services rendered "at the instance and request of the defendant" it is not a fatal variance to prove that the services were rendered "with the knowledge and consent of the defendant," where there was no showing that the opposite party was actually misled as required by Bal. Code, § 4949.

HUSBAND AND WIFE — WIFE'S SEPARATE ESTATE — FUNERAL EXPENSES.   The wife's separate estate is liable for the funeral expenses of her husband, he having left no property, where the services were rendered with her knowledge and consent.

Appeal from a judgment of the superior court for King county, Griffin, J., entered October 1, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract.   Affirmed.

*James Kiefer*, for appellant.

*John E. Ryan*, for respondent.

MORRIS, J.—This action was brought to recover for services as undertaker in the burial of appellant's husband.   The complaint avers the services to have been performed "at the instance and request of defendant," and that they "were of the reasonable and agreed value of $561."   The answer denied liability, and alleged the services to have been rendered at the request and upon the credit of a fraternal organization of which deceased was a member at the time of his death; which was denied.   Upon these issues trial was had before the court without a jury, and the court found there was no express contract for the rendition of the services, but that they were rendered with the knowledge and consent ρf defendant, and were of the reasonable value of $150, in which sum judgment was entered, and defendant appeals. ·

[1]Reported in 102 Pac. 768.

Appellant contends that error lies in that respondent sued upon an express contract and recovered upon a *quantum meruit*. The language of the complaint is, "at the instance and request of defendant," the finding justified by the proof is "with the knowledge and consent of defendant." There is no such fatal variance as would necessitate a finding of error.

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

"Whenever it shall be alleged that a party has been so misled that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just."

Bal. Code, § 4949 (P. C. § 420).

If there was a variance between the pleading and proof, it availed appellant nothing, without a showing of resulting injury, in which case the powers of the lower court were ample to grant the proper relief. This section has been construed so often by this court that we do not now care to enlarge upon it. The following cases are decisive of the point, contrary to appellant's contention. *Olson v. Snake River Valley R. R. Co.*, 22 Wash. 139, 60 Pac. 156; *Wheeler v. Buck & Co.*, 23 Wash. 679, 63 Pac. 566; *Ernst v. Fox*, 26 Wash. 526, 67 Pac. 258.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., and GOSE, J., concur.

FULLERTON, J. (concurring) — I concur in the conclusion reached on the question discussed and decided in the foregoing opinion, and, also, in the disposition made of the entire case. The appellant, however, in addition to the contention determined in the opinion, made the further contention that a wife is not, either at common law or in virtue of the statute, personally liable for the burial expenses of her husband, where she has not contracted to pay them and he

leaves her no estate.   This question has seemed to me of suffi-
cient interest and importance to be worthy of notice, and
since it is presented by the record and thus necessarily de-
cided, I shall briefly express my views upon it.

The cases with substantial uniformity agree that at com-
mon law a husband was personally liable for the funeral ex-
penses of his wife, whether or not she left an estate of in-
heritance, or whether or not he had expressly contracted to
pay them.   *In re Weringer's Estate*, 100 Cal. 345, 34 Pac.
825; *Sears v. Giddey*, 41 Mich. 590, 2 N. W. 917, 32 Am.
Rep. 168; *Brand's Ex'r. v. Brand*, 109 Ky. 721, 60 S. W.
704; *Kenyon v. Brightwell*, 120 Ga. 606, 48 S. E. 124;
*Staples's Appeal*, 52 Conn. 425; *Smyley v. Reese*, 53 Ala. 89,
25 Am. Rep. 598; *Jenkins v. Tucker*, 1 H. Bl. 90.   And this
although the wife at the time of her death was living separate
and apart from the husband.   *Cunningham v. Reardon*, 98
Mass. 538, 96 Am. Dec. 670.

But while the courts agree substantially on the rule, they
are not so unanimous as to the reasons for the rule, or as to
the grounds upon which it rests.   In the Georgia case cited,
it was held that the duty of the husband to defray the funeral
expenses of the wife grew out of the obligation of the hus-
band to furnish the wife with the necessaries of life, while in
others it is based on the ground of duty arising from the
relation of the parties.   Subject to the laws passed in relation
to the public health, the husband has the right of possession
of the body of his deceased spouse between death and burial;
he has the right to direct the place and manner of burial,
and may change the place of sepulture at any time; he may
recover in damages against any one who unlawfully mutilates
the dead body, or otherwise wrongfully interferes with it;
and neither the court in probate, nor the personal representa-
tive of the deceased, if such representative is other than the
surviving husband, has any right to interfere with such pos-
session.   From these rights arise the corresponding duty of
bearing the expenses of the interment.

Whether the common law imposed the duty upon the wife to bury the husband the authorities are not so clear. It is stated as the general rule in 12 Cyc. 1449, that the wife is not bound to use her separate property for the payment of the husband's funeral expenses. But one case is cited to support the text (*Robinson v. Foust*, 31 Ind. App. 384, 68 N. E. 182, 99 Am. St. 269), and that one seems not in point. The question before the court was whether a wife who supported her husband during his last illness out of her separate property on the promise of the husband's grandfather to make a provision for her in his will, could enforce the contract against the grandfather's estate. The court held the contract enforcible, but did not discuss the question here involved, and clearly it was not before them. Mr. Schouler, on the other hand, seems inclined to the opposite view; saying, however, that the obligation rested on a weaker foundation than the corresponding obligation of the husband. See Schouler's Domestic Relations (5th ed.), § 211.

In the case of *Chapple v. Cooper*, 13 M. & W. 252, cited by both of these authorities, the court took the view that the obligation of the husband and wife were alike in these respects, although the question before the court was whether an infant wife could bind herself by contract to answer for the funeral expenses of her deceased husband, the court deciding that she could. I am unable to find any common law case where the question was squarely decided. It would seem, however, that the question is determined by the selection of the ground on which the liability rests. If the funeral expenses are to be treated as necessaries, then clearly the wife is not responsible, as her separate estate is not liable for her husband's or her families' necessaries at the common law. But if the obligation rests on the ground of duty arising from the marriage relation, then it seems to me just as clear that the wife may be charged personally with the expenses of burial. This latter view is, to my mind, the correct one, as

the right of the wife to the body of her deceased husband is the same as the right of the husband to that of his wife. *Foley v. Phelps*, 1 App. Div. 551, 37 N.Y. Supp. 471; *O'Donnell v. Slack*, 123 Cal. 285, 55 Pac. 906, 43 L. R. A. 388; *Hackett v. Hackett*, 18 R. I. 155, 26 Atl. 42, 49 Am. St. 762, 19 L. R. A. 558; *Hadsell v. Hadsell*, 7 Ohio C. C. 196; *Larson v. Chase*, 47 Minn. 307, 50 N. W. 238, 28 Am. St. 370, 14 L. R. A. 85; *Durell v. Hayward*, 9 Gray (Mass.) 248, 69 Am. Dec. 294; *Chapple v. Cooper, supra.* See, also, *Pierce v. Proprietors Swan Point etc.*, 10 R. I. 227, 14 Am. St. 667; *Snyder v. Snyder*, 60 How. Pr. (N. Y.) 368; *Renihan v. Wright*, 125 Ind. 536, 25 N. E. 822, 21 Am. St. 249, 9 L. R. A. 514.

There is no direct provision of the statute making the wife liable for the funeral expenses of her deceased husband, nor is there much that indirectly supports such a rule, outside of the fact that the statute grants the wife greater property rights than she had under the common law, and imposes upon her a corresponding increase of liability. A woman now does not surrender her personal estate to her husband on entering into the marriage relation, nor does the husband have the profits from her separate real property. But her earnings during the relation are community property of which the husband has the management and control, and are as directly liable for the support of the family as are his own earnings. So also the expenses of the family and the education of the children are made by statute chargeable alike upon the separate estate of both spouses. Bal. Code, § 4508 (P. C. § 3874). Under this provision of the statute we have held the wife personally liable for medical and hospital services rendered the husband during his last illness, basing the decision on the ground that such services were for the benefit of the family, and the expense created thereby a family expense within the meaning of the statute. *Russell v. Graumann*, 40 Wash. 667, 82 Pac. 998. It may be that the expense of

burying the husband could be recovered upon the same principle, but I prefer to rest my conclusion on the ground that it is a common law liability.

The judgment appealed from is therefore without error, and the order of affirmance proper.

Chadwick, J., concurs with Fullerton, J.