[No. 11506.  Department Two.  March 25, 1914.]

TOUTLE LOGGING COMPANY, *Appellant*, v. HAMMOND
LUMBER COMPANY, *Respondent*.[1]

EVIDENCE—DOCUMENTARY EVIDENCE—MATERIALITY. On an issue as
to the sale of logs, the private memoranda of an independent boom
company, through whose hands the logs passed, in no way binding
on the parties to the sale, are inadmissible.

TRIAL—DIRECTION OF VERDICT—PRACTICE. Where the court errone-
ously refused to grant a nonsuit, or reserved its ruling, it may sus-
tain the challenge to the sufficiency of the evidence when renewed
at the close of the whole case.

Appeal from a judgment of the superior court for Cowlitz
county, Darch, J., entered June 12, 1913, upon the verdict
of a jury rendered in favor of the defendant by direction of
the court, in an action on contract. Affirmed.

*O'Neill & Spaulding*, for appellant.
*McKenney & Brush*, for respondent.

FULLERTON, J.—In this action, the appellant, Toutle
Logging Company, sought to recover from the respondent,
Hammond Lumber Company, the purchase price of certain
logs. In its complaint, the appellant alleged that, in the
month of May, 1911, it sold and delivered to the respondent,
at the request of its agent, one J. M. Ayers, two consign-
ments of logs, the one at the agreed price of $111.58, and the
other at the agreed price of $202.98, and that the respond-
ent had neglected and refused to pay for the same. The
answer was, in effect, a general denial. On the issues framed,
a trial was entered upon before the court and a jury. At the
conclusion of the appellant's case in chief, the respondent
challenged the sufficiency of the evidence to justify a re-
covery, which challenge the trial court overruled. The re-
spondent thereupon introduced evidence on its own behalf, at

[1]Reported in 139 Pac. 625.

the conclusion of which rebuttal evidence was introduced by the appellant. At the conclusion of all of the evidence, the challenge to the sufficiency of the evidence was renewed. The court at this time sustained the challenge, and instructed the jury to return a verdict for the defendant. A verdict was returned accordingly, and a judgment entered thereon. From this judgment, the Toutle Logging Company appeals.

The facts, in the main, are undisputed. The appellant, Toutle Logging Company, is engaged in the business of logging on the Toutle river. The logs in question were put into the river by the appellant and floated down the stream into the booms of the Metcalf Boom Company, an independent booming and rafting company having no connection with either the appellant or respondent. The logs were, by the latter company, delivered to the Page Lumber Company in two consignments, and the same were, by that company, applied to its own uses. On the delivery of the logs, the Metcalf Boom Company made duplicate reports of the transaction, forwarding one to the appellant and the other to the Page Lumber Company. The Page Lumber Company, on receiving the reports, forwarded its checks, drawn on a local bank to the appellant for the purchase price of the logs. These checks were presented to the bank for payment, and were refused payment for want of funds to the credit of the drawer.

To charge the respondent with the price of the logs, the appellant sought to show that it had sold the logs to the respondent, and that they were delivered to the Page Lumber Company on the order of the respondent. But we agree with the trial court that the evidence in no way tended to establish these facts. The agent of the appellant, no doubt, had some conversation with the agent of the respondent concerning the sale of logs by the appellant to the respondent, but no contract of sale was entered into for any specific logs; much less was there a contract for the sale of the particular logs here in question. Nor were the logs delivered to the

Page Lumber Company on the order of the appellant or its agent. The record, it is true, does not show on whose order the logs were actually delivered, further than it shows that a written contract existed between the appellant and the Page Lumber Company by the terms of which the "Page Lumber Company agreed to buy and Toutle Logging Company agreed to sell all of Toutle Logging Company's logs to the Page Lumber Company;" but the officers of the Metcalf Boom Company testified that the logs were not delivered on the respondent's order.

Objection is made to the refusal of the court to permit the introduction of certain record books kept by the Metcalf Boom Company; it being thought that these contained entries which tended to prove that the logs were delivered on the respondent's order. We think the trial court right in its holding that they were not admissible for this purpose. But were the rule otherwise, they in no way tended to establish the fact. They were the mere private memoranda of the boom company, and could not bind the respondent.

It is contended, also, that the trial court erred in sustaining the challenge to the sufficiency of the evidence at the close of all of the testimony, when it had refused to sustain such a challenge made at the close of the plaintiff's case in chief. The case of *Weir v. Seattle Elec Co.*, 41 Wash. 657, 84 Pac. 597, is chiefly relied on to sustain this contention. In that case, we did say that "ordinarily testimony which is sufficient to carry a case beyond a nonsuit will carry it to the jury at the close of the testimony," but it was not there decided that, where the court erroneously refused to grant a nonsuit at the close of the plaintiff's case, or reserved his ruling on the question until the close of the whole case, it may not thereafter grant a nonsuit. This would mean that errors committed at one stage of the case could not be corrected by the trial court at a later stage therein, but such is not the rule nor the practice. *Shephard v. Gove*, 26 Wash. 452, 67 Pac. 256; *Ernst v. Fox*, 26 Wash. 526; 67 Pac. 258; *State*

*v. Riley*, 36 Wash. 441, 78 Pac. 1001; *State ex rel. Brown v. Board of Dental Examiners*, 38 Wash. 325, 80 Pac. 544. The judgment is affirmed.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.