[Nos. 20652, 20653, 20654.   Department Two.   October 25, 1927.]

J. R. Yamada, *Respondent,* v. A. D. Hall, *Appellant.*[1]

[1] Appeal (88)—Right to Appeal—Parties Aggrieved.  Appellant cannot, before final judgment, appeal from an order granting, on one ground, appellant's motion to discharge an attachment, without passing on the other grounds of the motion; since he is not legally "aggrieved" thereby.

[2] Same (54)—Decisions Appealable—Provisional Remedies—Dissolution of Attachments.  An order setting aside orders discharging an attachment, and leaving open the question whether the attachment shall be set aside, is not appealable before final judgment as an order discharging or refusing to discharge an attachment.

[3] Courts (40)—Rule of Decision—Correction in Same Court—Intermediate Orders—Dissolution of Attachment.  An order discharging an attachment, while appealable before final judgment, is an intermediate and not a final judgment, and is subject to change or vacation by the lower court on motion, if improvidently or erroneously entered.

[4] Attachments (37, 40)—Dissolution — Affidavits — Hearing.  Under Rem. Comp. Stat., §§ 673, 674, authorizing applications for the discharge of attachments, heard on affidavits, it is not error to allow additional affidavits and further hearings where the other party availed herself of opportunity given to meet the new allegations.

Appeals from orders of the superior court for King county, Ronald, J., entered January 5 and 15, 1926, and Findley, J., entered January 5, 1926, discharging an attachment, vacating such discharge, and refusing to discharge the same, after contested hearings before the court, in an action on contract.  First and second appeals dismissed, third order affirmed.

*Russell & Blinn,* for appellant.

*C. G. Moran* and *Murphy & Kumm,* for respondent.

[1] Reported in 260 Pac. 243.

FULLERTON, J.—The three appeals above entitled grow out of one action. On October 7, 1924, the appellant, Hall, executed and delivered to one T. Iwasaki her promissory note for the sum of $333.33, payable three months after date, without interest, and secured the note by a chattel mortgage upon an automobile. On the following day, the payee of the note indorsed and delivered it to the respondent Yamada, and at the same time, executed and delivered to him a written assignment of the mortgage. On the maturity of the note, or shortly thereafter, $33.33 was paid thereon, and the time of payment of the balance was extended for a period of three months.

On May 26, 1925, the respondent began the present action in the superior court of King county to recover upon the note and to foreclose the mortgage. The respondent did not seek to subject the mortgaged property to the immediate jurisdiction of the court in the foreclosure proceeding; but, in apparent abandonment of that part of his action, sued out a writ of attachment and caused the mortgaged property to be seized by the sheriff thereunder. The affidavit on which the attachment was issued set forth that the defendant was indebted to the plaintiff in the sum of three hundred dollars over and above all just credits and offsets, and that the attachment was not sought and the action was not prosecuted to hinder, delay or defraud any creditor of the defendant; and further set forth that the defendant had absconded or absented herself from her usual place of abode so that the ordinary process of law could not be served upon her.

The appellant appeared in the action and answered to the merits of the complaint. At the same time, she moved to discharge the attachment, supporting the motion by the affidavits of herself, her attorney, and the proprietor of the hotel at which she was then

resident. In so far as the affidavits were material to the direct question involved, they consisted of denials that the appellant had absconded, or absented herself from her usual place of abode, and an affirmative showing to the effect that she had, during the existence of the mortgage, pursued her ordinary and usual calling, and had been at all times subject to the ordinary processes of the court.

Counter affidavits were filed, and also affidavits controverting the counter affidavits, and the motion came on to be heard before the court on May 28, 1925. At the conclusion of the hearing, the court entered an order discharging the attachment; the order of discharge reciting that "the plaintiff had not established the allegations of the issuing affidavit."

On December 24, 1925, the respondent moved to vacate the order discharging the attachment. This motion was heard on January 5, 1926, at the conclusion of which the court entered a second order, making no reference to the first, but reciting that the motion to discharge the attachment

". . . having been based upon the files, records and affidavits attached to said motion, and it appearing to the court that the complaint of the plaintiff was not properly verified, and the court not passing upon the issues raised in the affidavits,"
discharged the attachment "for the reason that the complaint was not properly verified."

The first of the appeals is from this order.

Later on in the same day, the attention of the court was called to the fact that the appellant had answered to the merits of the complaint without objecting to the form of its verification. The court thereupon held that its ruling was error, in that it had discharged the attachment upon a misapprehension of the facts, and entered a third order in which it "set aside and vacated *in toto*," the "order dissolving the attachment."

On the next day, its attention was directed by the appellant's attorney to the fact that its order was indefinite; that there were in fact two orders, neither referring to the other, and that it was impossible to tell from the last order which of them was set aside by it. The court thereupon recalled the last order, and changed its wording so as to make it read that

". . . all former orders heretofore signed, including the one signed on this day, dissolving the attachment be and the same are hereby set aside and vacated *in toto*."

The second appeal is from this order.

After the entry of the last order, the cause was assigned for hearing on the merits of the motion to discharge the attachment, and was so heard in part on January 6, 1926, and in part on January 8, 1926, on which latter date the court entered an order refusing to discharge the attachment.

The third appeal is from this last mentioned order.

[1] The respondent moves to dismiss the appeals, and we are constrained to conclude that the motions as to the first two must be granted. The orders are not either of those from which the statute grants the right of a special appeal. While the statute authorizes a special appeal from an order discharging or refusing to discharge an attachment, from an order refusing to vacate an order of arrest in a civil action, an order granting or denying a motion for a temporary injunction, an order appointing or refusing to appoint or remove a receiver, and from any order affecting a substantial right which in effect determines the action and prevents a final judgment therein, discontinues the action, or grants a new trial, all other orders entered in the cause must be brought before the appellate court for review on an appeal from the final judgment entered therein. Rem. Comp. Stat., § 1716, [P. C. § 7290].

Concerning the first of the orders, it is at once manifest that the appellant was not aggrieved by that part of the order that makes it appealable. She moved to discharge the attachment, basing her motion upon different, distinct grounds, and the court granted it on one of the stated grounds. There is no error in this of which the appellant can complain. It is not the rule that a litigant may require the court to pass upon all of the grounds stated in a motion for an order. Doubtless, if the mover desires the question presented by the motion to be decided upon a particular ground, he can require the court so to do by confining his motion to that ground; but, if he states more than one, it is in its effect an affirmance that either or all of the grounds are well taken and he cannot be heard to complain because the court takes him at his word. By the statute and by the general rule, a party must be legally aggrieved by the decision of the court; that is to say, the decision of the court must be adverse to his contentions before he has the right of appeal. The order in this instance was in accord with the appellant's contentions, not against them.

[2] The second of the orders was likewise an intermediate order, and does not fall within any of the orders defined as appealable by the statute apart from an appeal from the final judgment. It is argued that it falls within the provision allowing an appeal from an order discharging or refusing to discharge an attachment, but it is manifest that the order does not do either of these. It merely sets aside two previous orders discharging the attachment, which the court conceived to be improvidently entered, leaving the question whether the attachment should or should not be discharged open for a further hearing. It was not thus an appealable order apart from the appeal from the final judgment.

[3] The appellant, however, argues that the first order discharging the attachment was a final judgment, not subject to be set aside on the mere motion of the court, or the mere motion of a party to the cause, and that the orders entered subsequent thereto are without jurisdiction and void; the conclusion being that a party has the right of appeal to clear the record of void orders. But the argument mistakes the rule. Final judgments entered in a cause cannot thus be set aside. But this is so because the statute and the general rule of law make such judgments finalities, and provide a special procedure for their change, modification, or vacation, of which a mere motion is not one. But the order here in question, notwithstanding it was an appealable order under the statute, is an intermediate order, and was subject to change or modification by the court, either on its own motion or the motion of either party to the cause, so long as the court retained jurisdiction of the cause. This principle has been repeatedly announced by this court. *Balfour-Guthrie Investment Co. v. Geiger,* 20 Wash. 579, 56 Pac. 370; *Shephard v. Gove,* 26 Wash. 452, 67 Pac. 256; *Ernst v. Fox,* 26 Wash. 526, 67 Pac. 258; *Toutle Logging Co. v. Hammond Lumber Co.,* 78 Wash. 568, 139 Pac. 625; *Beck v. International Harvester Co.,* 85 Wash. 413, 148 Pac. 35.

[4] The third appeal is properly before us.

Prior to its hearing, the respondent filed additional affidavits in support of its attachment, and in controversion of the affidavits filed by the appellant in support of her motion to discharge the attachment. These affidavits the appellant moved to strike, and assigns error on the order of the court overruling her motion. We find no error in the ruling. While the statute provides (Rem. Comp. Stat., § 673) that the defendant may, at any time after he has appeared in the action,

apply, on motion, upon reasonable notice to the plaintiff, for a discharge of the attachment, and further provides (Ib. § 674) that, if the motion be made upon affidavits on the part of the defendant, the plaintiff may oppose the same by affidavits, it does not otherwise attempt to regulate the procedure. The only objection open, therefore, is that the affidavits were belatedly filed. But this was within the discretion of the court, and we cannot conclude that the discretion was abused. After the motion to strike was denied, the court gave the appellant an opportunity, of which she availed herself, to file additional affidavits. The appellant, therefore, was not prejudiced by the action of the court.

On the merits of the motion, there is an extended argument in the brief. We shall not review it at length. On the ground stated in the affidavit for the attachment, the proofs were conflicting, but an examination of them does not convince us that the charge is not sustained. On another ground which the record discloses, namely, that, in subd. 10 of § 648, of the code (as amended by the act of the legislature of 1923; Rem. 1927 Sup. § 648), the attachment was properly issued. There is in the record, also, a supplemental showing to the effect that, between the time of the taking of the appeal and the time it was perfected in this court, the principal action was tried on its merits and a final judgment entered therein. Seemingly, a reversal on the question here presented would determine only a question of costs. But, passing the latter matters, we hold that the grounds upon which the attachment is based are sustained by the proofs.

Our order is that the first and second of the appeals be dismissed, and that upon the third, the judgment stand affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and HOLCOMB, JJ., concur.