[No. 23319. Department One. November 24, 1931.]

MARKET OPERATING CORPORATION, *Appellant*, v. ERNST
CRULL *et al., Respondents.*[1]

*Edward C. Hudson, Bogle, Bogle & Gates,* and
*Edward G. Dobrin,* for appellant.

*Peter Balkema,* for respondent.

HERMAN, J.—Plaintiff sought judgment against de-
fendants for the amounts prayed for in two causes of
action, and that its lien for rent be foreclosed on the
personal property mentioned in the complaint. A writ
of attachment was issued, and by virtue thereof prop-

[1]Reported in 5 P. (2d) 340.

erty subject to the lien was seized. The defendants filed a motion to discharge the attachment. Affidavits in support of and opposing the motion were filed; and, after a hearing, an order was entered discharging the attachment, from which plaintiff appealed.

█ Respondents here contend that, by reason of the fact appellant asked for foreclosure of its lien for rent due and to become due upon certain of respondents' chattels, the remedy of attachment was premature. They cite Rem. Comp. Stat., § 1125, which reads:

"The plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or matter which is secured by the mortgage, or while he is seeking to obtain execution of any judgment in such other action; nor shall he prosecute any other action for the same matter while he is foreclosing his mortgage or prosecuting a judgment of foreclosure."

The question is whether attachment, being a provisional remedy ancillary to the main action, is another action for the same debt, in contemplation of § 1125, *supra*.

Respondents cite *Advance Thresher Co. v. Schimke,* 47 Wash. 162, 91 Pac. 645. That case, however, differed from the case at bar, in that, in the present case, the attachment was levied upon those chattels which appellant sought to have subjected to its lien. In the case cited the court found that the plaintiff was pursuing two remedies at one and the same time, one by foreclosure on the mortgaged property, and the other *by the attachment of additional property to secure a possible deficiency judgment.*

In the case of *Yamada v. Hall,* 145 Wash. 365, 260 Pac. 243, we held that, where a suit to recover upon a note and foreclose the mortgage was begun, and a writ of attachment was sued out, plaintiff having caused

the sheriff to seize the mortgaged property thereunder, there was an apparent abandonment of that part of the action which sought the foreclosure, and an order by the trial court refusing to discharge the attachment was sustained by this court.

We believe that, because appellant in this case did not seek to subject to its writ of attachment property other than that which was subject to its lien, it was not prosecuting another action for the debt secured by its lien. We do not find that the remedy by attachment was premature.

In their motion to dissolve the attachment filed in the superior court, respondents allege that the writ of attachment was improperly and irregularly issued, assigning four reasons, each of which will be hereafter separately considered.

The first reason advanced by respondents was, "That the affidavit in attachment is insufficient to warrant the issuance of a writ of attachment herein."

In this connection, it is only necessary to say that an examination of the affidavit in question discloses that it fully complies with all statutory requirements.

The second reason respondents claimed was, "That the allegation that defendants are justly indebted to said plaintiff in the sum of $584.89 is untrue."

Such a reason for dissolving an attachment was held bad by the supreme court of California in the case of *Republic Truck Sales Corporation v. Peak,* 194 Cal. 492, 229 Pac. 331, where the court said:

"The first of these specification is 'that the said affidavit is false and untrue in its allegation that the defendant George Peak was indebted to the plaintiffs in the above entitled action on the 14th day of February, 1922, upon an express contract or any contract whatsoever for the direct payment of money in the sum of $50,075.19.' As to this specification it is obviously in-

sufficient in two respects: First, if it is to be deemed to amount to a denial of the indebtedness upon which the action was brought and the attachment issued, it would constitute an attempt to put in issue and try out the merits of the case itself upon a motion to discharge the attachment, and the general rule is that this may not be permitted. [Citing authorities.] But an even more vital defect in this specification is that its denial of an indebtedness to the plaintiffs in the precise sum of $50,075.19 constitutes an admission of an indebtedness in any sum less than the amount so stated."

■ The third reason for respondents maintaining in the superior court that the attachment was irregularly issued was:

"That the following allegation contained in said affidavit in attachment is untrue, said allegation being as follows: 'That said defendants are about to move said personal property on which said plaintiff claims a lien for rent, from the rental premises to a place or places unknown to the plaintiff.'"

For the purposes of this case, it is immaterial whether that allegation be true or false. The procuring affidavit recites that:

"The defendants herein are justly and truly indebted to the plaintiff herein in the just and principal sum of $594.89, over and above all just credits and offsets upon the cause of action set up in plaintiff's complaint on file herein, which is for an indebtedness for rents, advertising and other incidentals as provided by a lease between the parties hereto."

This constitutes a showing that the object for which the action is brought is to recover on a contract. The complaint proves the correctness of the latter recital of the procuring affidavit. Rem. 1927 Sup., § 648, subd. 10, sets forth as one of the grounds for issuing an attachment, "That the object for which the action is brought is to recover on a contract, express or implied."

The fourth reason respondents alleged in the superior court that the attachment was irregularly issued was:

"That each and every allegation contained in said affidavit in attachment is and are untrue except that portion in words and figures as follows, to-wit: 'R. Kline Hillman being first duly sworn upon oath deposes and says that he is vice-president of the Market Operating Corporation, a corporation, plaintiff herein and in the above entitled action which is now commenced and is now pending in the above entitled court; that he is over twenty-one years of age and makes this affidavit on behalf of plaintiff for the purpose of procuring a writ of attachment in the above entitled cause.' "

In view of what we have said about the second and third of respondents' reasons why the attachment was irregularly issued, a consideration of the fourth reason will require only that we determine the truth or falsity of the allegation in the procuring affidavit,

" . . . that said attachment sought herein by the plaintiff is not sought, and the above entitled action is not prosecuted to hinder, delay or defraud any creditor or creditors whomsoever of said defendants."

The falsity of that allegation is not established by the controverting affidavits.

The order appealed from is reversed.

TOLMAN, C. J., MITCHELL, PARKER, and BEELER, JJ., concur.