[No. 23464. Department One. April 13, 1932.]

GEORGE McFARLAND, *Appellant*, v. C. A. RATCLIFFE et al., *Respondents*.[1]

*Jno. I. Melville*, for appellant.
*Lund & Dodds*, for respondents.

BEELER, J.—Prior to September 30, 1929, the respondent sold to the appellant a combined harvester on a conditional sales contract. Default in payment having occurred, the respondents waived the forfeiture clause in the contract and brought suit for the unpaid

[1]Reported in 9 P. (2d) 1090.

purchase price, alleged to be $2,198.95. At the same time, they caused to be issued a writ of attachment and levied upon the combined harvester and upon other farming implements belonging to the appellant. Also, several writs of garnishment directed to various creditors were issued and served. In his answer in that case, the appellant pleaded payment. A trial on the merits resulted in a verdict and judgment in favor of the appellant.

Thereafter, the appellant brought this action against the respondents and their surety on the attachment bond sued out in the original action. The appellant alleged in his complaint that the writ of attachment and the several writs of garnishment were sued out falsely, maliciously and oppressively, and without reasonable or probable cause. He pleaded items of damage aggregating $1,184, and in addition an item of damage in the sum of $2,500 for loss of credit. In their answer, the respondents, after pleading the general issue, set up by way of a cross-complaint two causes of actions, one for damages in the sum of $800, and one on a promissory note for $125. A trial to the court and a jury resulted in a verdict in favor of the respondents in the sum of $26.93. This appeal is from the judgment entered on the verdict.

The appellant assigns error on the rulings of the trial court in rejecting various offers of proof of the appellant in support of his alleged items of damage. We find no merit in any of these assignments except the failure of the trial court to submit to the jury the question of the reasonableness of the attorney's fee incurred in defending the attachment suit. A motion to dissolve the attachment in the original action was denied by the court, for the reason that the proceedings upon their face were regular. A trial on the

merits resulted in appellant's favor, which operated as a discharge of the attachment.

The question as to the reasonableness of the attorney's fee for the successful defense of the original action, the attachment suit, was a proper element of damage, and should have been submitted to the jury, in this case, under proper instructions. The reason given by the trial court for refusing to submit to the jury the question of damage by reason of an attorney's fee, incurred by the appellant in defending the attachment suit, was predicated upon the fact that the appellant had failed to segregate the attorney's fee by showing the amount incurred in moving to dissolve the attachment and the amount incurred in the defense of the main action. Passing on the question, the trial court, in part, said:

"But where it is shown by the testimony of Mr. McFarland that the fee was for the entire case, then the jury would just be speculating or guessing as to what the arrangement was for services in moving to dissolve the attachment. I don't see how they can attempt to segregate a part of the $300 fee contract so as to apply a portion of it to the proceedings to dissolve the attachment and the remaining portion to the defense of the case."

The legislature, in 1923 (Laws of 1923, p. 514, § 1, Rem. 1927 Sup., § 648), amended § 648, Rem. Comp. Stat., by adding subsection 10, which reads:

"That the object for which the action is brought is to recover on a contract, express or implied."

No segregation on the part of the appellant was necessary, because the great weight of authority in this country is to the effect that, where an attachment is issued in an action based upon a contract, either express or implied, the attachment can not be dissolved prior to trial upon the merits. In the case of *Market*

*Operating Corporation v. Crull,* 165 Wash. 306, 5 P. (2d) 340, this court cited with approval the case of *Republic Truck Sales Corporation v. Peak,* 194 Cal. 492, 229 Pac. 431, where the California court said:

"The first of these specifications is 'that the said affidavit is false and untrue in its allegation that the defendant George Peak was indebted to the plaintiffs in the above entitled action on the 14th day of February, 1922, upon an express contract or any contract whatsoever for the direct payment of money in the sum of $50,075.19.' As to this specification it is obviously insufficient in two respects: First, if it is to be deemed to amount to a denial of the indebtedness upon which the action was brought and the attachment issued, *it would constitute an attempt to put in issue and try out the merits of the case itself upon a motion to discharge the attachment,* and the general rule is that this may not be permitted. (Citing cases.) But an even more vital defect in this specification is that its denial of an indebtedness to the plaintiffs in the precise sum of $50,075.19 constitutes an admission of an indebtedness in any sum less than the amount so stated." (Italics ours.)

The undisputed evidence was that the appellant had agreed to pay his attorney in the attachment suit a fee of three hundred dollars. Being a proper element of damage, the question whether the agreed fee was reasonable was a question which should have been submitted to the jury for their determination.

In *Maxwell v. Griffith,* 20 Wash. 106, 54 Pac. 938, we held that an attorney's fee incurred in the dissolution of an attachment was a matter or question of damages to be submitted to the jury for its determination, while in an action upon the bond the attorney's fee should be fixed by the court. In that case, we distinguished our former decision in the case of *Seattle Crockery Co. v. Haley,* 6 Wash. 302, 33 Pac. 650, 36 Am. St. 156. We there said:

"A number of questions have been presented by the appeal which will not be considered, as the foregoing disposes of the case; but a controversy having arisen as to whether the attorney's fees for obtaining a dissolution of the attachment should be fixed by the court or by the jury, and the lower court having been of the opinion that it was not a question for the jury, under our holding in *Seattle Crockery Co. v. Haley,* 6 Wash. 302 (33 Pac. 650, 36 Am. St. Rep. 156), we have deemed it best to call attention to the fact that in the discussion of that case, at page 314, the court failed to observe the distinction between the attorney's fee incurred in the dissolution proceedings and the attorney's fee in the action upon the bond. Section 295, *supra,* [Rem. Comp. Stat., § 654] provides that, in an action upon the bond, the attorney's fee for such action shall be fixed by the court, but the attorney's fee incurred in the proceedings for dissolving the attachment is a matter of damages, to be submitted to the jury in an action on the bond, the same as any other claim thereon, there being no statutory provision to the contrary." *Maxwell v. Griffith,* 20 Wash. 106, 54 Pac. 938.

The cause is remanded, with direction to the trial court to grant the appellant's motion for a new trial unless the respondents, within ten days after the remittitur shall have been filed in the court below, agree to the entry of a judgment in favor of the appellant in the sum of three hundred dollars, less the amount of $26.93 found by the jury to be due to the respondents on their cross-complaint. If the respondents accede to this modification, the judgment in favor of the appellant shall carry the costs both in this court and in the court below.

It is so ordered.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.