BLACK and Others *v.* MEEK, Administrator of the estate of
BLACK, deceased.

On the petition of an administrator for the sale of real estate for the payment of debts, the Court should not order the sale of more than is sufficient for the payment of the debts, unless the residue of the land would be greatly injured by said sale.

ERROR to the *Wayne* Probate Court.

SMITH, J.—At the *February* term, 1847, of the *Wayne* county Probate Court, *Jeremiah L. Meek*, administrator of *James Black*, deceased, filed a petition for an order to sell real estate.   He alleges that, after exhausting the personal estate, there remained debts to the amount of 538 dollars and 77 cents; that said *James Black* died seized in fee of a tract of land containing 130 acres; that the petitioner had, in *August*, 1844, filed a petition for an order to sell so much of said real estate as was necessary to pay said debts, and had obtained an order to sell two lots off said tract of land, one of 14 acres, and one of 16 acres; that these lots were so laid off as to leave the remainder of said tract, consisting of one hundred acres, in a square form; that he accordingly proceeded, in good faith, to sell said lots, and did sell them at their appraised value, 18 dollars per acre, to different persons; that, in accordance

with the terms of sale specified in the order, he received from the purchasers one-half the purchase money, being 270 dollars, and took their notes for the balance, &c.; that said sales were approved and confirmed by the Probate Court, but that, in consequence of there having been no guardian *ad litem* appointed for some of the minor heirs of said *James Black*, deceased, though they were served with process, all of said proceedings were reversed on writ of error by the *Wayne* Circuit Court. The administrator then represents that the sales so made were sufficient to pay the debts of the estate, and that the purchasers, before they knew of the error in said proceedings, in good faith, made valuable improvements to the amount of 200 dollars. He prays the Court to authorize him to re-sell said two lots, at their appraised value, to the persons who had purchased them at the former sale, and for general relief.

Several of the heirs appeared and demurred to so much of the relief prayed for in said petition as prays for a decree to authorize the administrator to sell at private sale to the former purchasers. They also filed a plea denying the facts stated in the petition. The demurrer was sustained. The administrator then filed an appraisement of the whole tract, which was appraised at 24 dollars per acre. Two of the defendants then answered, admitting that the facts set forth in the petition were true, and that so much of said land ought to be sold as would suffice to pay the debts. They say that a sufficiency of said land for that purpose may be sold without injury to the residue, and pray that no more be directed to be sold.

The Court, on the hearing, ordered the whole tract to be sold.

By a bill of exceptions, it appears that it was proved to the satisfaction of the Court, that the two pieces of land, or either of them, sold under the previous order of the Court, could be re-sold without any great injury to the residue of the estate, was it not for the fact that the purchasers at the former sale were still asserting their title under their purchases; and also, that a sufficiency of land

to pay all the debts of the estate could be sold off the west part of said land without any great injury to said estate; but the Court being of opinion, that a re-sale of the lots, which had been sold before, could not be made without a sacrifice, on account of the claim of the purchasers under the previous sale; and that the sale of any portion of the remaining land, after taking out or excepting the two pieces so as aforesaid sold, would greatly injure the remaining portion of the land, decreed the sale of the whole tract, including the two pieces previously sold. To this decree for the sale of the whole tract, instead of a mere sufficiency to pay the debts, two of the defendants excepted.

This decree was rendered under the authority given by the 230th section of the 30th chapter of the Revised Statutes, p. 529, which provides that if it shall be necessary to sell only a part of the real estate of the intestate, and it shall appear that, by such partial sale, the residue, or some specific part or piece thereof, would be greatly injured, the Court may order a sale of the whole estate embraced in the petition, or of such part thereof as the Court shall think necessary and most for the interest of all concerned therein. It is insisted, upon the part of the defendant in error, that a discretionary power is vested in the Probate Court to decree the sale of the whole, or such part of the estate, as that Court may deem most for the interest of all concerned; and that, having exercised its discretion, this Court should not revise the decree. But a discretionary power must always be exercised with sound discretion and according to law. Otherwise, if any party is injured thereby, there can be no doubt of his right to apply to a superior Court for redress. We are of opinion that the reason for which it appears the Probate Court ordered a sale of the whole of the real estate, in this instance, was insufficient. It is evident that all the debts of the intestate might have been paid by the sale of the two detached lots; and if the Court was right in the opinion, that a re-sale of those lots could not be made without a sacrifice, on account of the claims of the

purchasers under the previous sale, it is not easy to perceive how such a sacrifice would be avoided by the sale of the whole estate. Those claims would be likely to operate at least as injuriously upon the sale of the lots, when included with other lands, as in the case of a separate sale. We think, therefore, the case is not such an one as authorized the Probate Court, in the exercise of a sound discretion, to order a sale of the whole of the real estate of the intestate, against the objections of any of the heirs to whom it had descended, and who had certainly a right to object to a compulsory sale of their property for any other purpose than the payment of the debts for which it was liable, or to the sale of any portion of it which it was not necessary to sell for that purpose, and to avoid serious injury to the remainder (1).

Nov. Term, 1848.

*Per Curiam.* — The decree is reversed, with costs. Cause remanded, &c.

*J. Perry*, for the plaintiffs.

*J. S. Newman*, for the defendants.

(1) PERKINS, J., having been concerned as counsel, was absent.