## ASA B. SEARS v. JAMES GIDDEY.

*Liability for wife's funeral expenses.*

A husband is proximately liable for the expenses of his wife's funeral, whether he is her legatee or not.

Where a liability for goods or services is legally implied against a particular person, the mere presence of another assisting him in ordering and obtaining them will not make the latter liable without his express promise.

It is presumed that a person legally liable for goods or services understands that he is to be charged with them.

Error to Wayne. Submitted June 20. Decided Oct. 14.

ASSUMPSIT. Plaintiff brings error.

*Ward & Palmer* for plaintiff in error. A husband is chargeable with the cost of his wife's funeral even though

voluntarily provided by an undertaker (*Jenkins v. Tucker*, 1 H. Bl., 90; *Ambrose v. Kerrison*, 10 C. B., 776; Schouler Dom. Rel., 166), and though she were voluntarily living apart from him, *Bradshaw v. Beard*, 12 C. B. (N. S.), 344; and her estate is not liable even if she has separate property, *Bertie v. Lord Chesterfield*, 9 Mod., 31; *Meth. Ch. v. Jaques*, 1 Johns. Ch., 450; *Smyley v. Reese*, 53 Ala., 80.

*W. B. Jackson* for defendant in error.

COOLEY, J. The question is made in this case whether under the circumstances which will be stated the husband is liable for the undertaker's bill at the funeral and interment of his wife.

When the wife died, defendant and one Baxter, a son of the wife by a former marriage, went together to the plaintiff, and gave orders for a casket and other goods, and also for hacks for the funeral. Nothing was said respecting payment, or who was to be charged, and defendant no more ordered them than did Baxter. The charge, however, was made to defendant. When the bill was presented to defendant, he refused to pay, assigning as a reason that the deceased had property of her own which she had willed to Baxter, and therefore Baxter should pay. Plaintiff then called upon Baxter who also refused, but finally loaned to plaintiff the amount of the bill on an understanding that plaintiff should sue defendant and recover the amount for Baxter's benefit. Under these facts the judge instructed the jury that their verdict must be for the defendant.

I. The common law liability of the husband for the funeral expenses of the wife is not disputed in this case. We must therefore find in the facts some special reason for exemption or the judgment cannot stand.

II. The fact that the woman had an adult son, who accompanied the husband when the order was given can constitute no reason. The undertaker naturally and

properly assigned the credit to the person whose duty it was by law to make provision for the funeral. It was not necessary for the husband to say "I will pay," or for the son to declare "I will not pay," in order to determine who was contracting: formalities may well be dispensed with on such an occasion, and the law will presume the proper party understood he was to be charged. Mere presence and assistance in making selections or giving orders cannot establish a liability without express words of promise, but the party to whom the law assigns the duty will be charged by legal implication.

III. There was no showing in this case that the wife left property, but the fact is not important. A funeral cannot be delayed for judicial inquiries to determine upon whom the moral obligation to proceed with it rests most heavily. Nor if husband and son quarrel about the expense over the grave of the wife and mother, can the undertaker be compelled to await a judicial adjustment of their dispute. The husband being liable to him, he need look no further.

IV. It is urged that the arrangement between the plaintiff and Baxter was a payment of the demand, but we do not think so. It was either a loan or a purchase of the demand; and in either case this action is maintainable.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.