# Lott *v.* Graves.

*Petition by Administrator to Sell Lands to Pay Debts.*

1. *Funeral expenses of wife, must be borne by the husband.*—The law casts on the surviving husband the duty and legal obligation of burying his deceased wife, and of paying for the proper funeral expenses.

2. *Equitable separate estate of wife, not charged except by her.*—No one except the wife, by her own contract, can create a charge on her equitable separate estate, and no one can after her death incur any debt for which such estate can be made liable.

APPEAL from the Probate Court of Mobile county.
Heard before Hon. PRICE WILLIAMS.

[Lott v. Graves.]

Appellee Graves filed his petition in the Probate Court of Mobile, praying for letters of administration on the estate of Clara E. Lott, who was the wife of the appellant Lott.

This petition averred that petitioner was the largest creditor of said intestate ; that his claim was for the funeral expenses ; that the property of said estate consisted wholly of realty, which was the equitable separate estate of Clara E. Lott ; that appellant was insolvent ; that the funeral expenses were incurred by appellee wholly on the faith and credit of said estate ; that said expenses were essentially necessary for her suitable interment.

Letters were granted to appellee by the court, and subsequently he filed a petition to sell the land for the payment of debts.

Appellant, and the heirs of Mrs. Lott demurred, because the petition did not show :

1. That the land was the equitable separate estate of Mrs. Lott, and the petition did not show that the claim for the payment of which it was sought to be sold was founded on any contract, either express or implied, made by Mrs. Lott.

2. Because the debt was for funeral expenses, and was the debt of the husband.

3. Because the petition showed that the debt was contracted after the death of a married woman by some one, and that her separate equitable estate was not liable for it.

The court overruled these demurrers.

Appellee testified that the articles composing his claim against the estate were ordered by the husband of Mrs. Lott at the time of her death ; that Mrs. Lott "made no bill with him" during her life ; that he knew of only one debt against the estate, viz.: his own account for the funeral expenses ; and that no claims had been filed against her estate.

Appellant then made a motion to vacate the letters of administration which had been granted to appellee, on the ground that the testimony showed, that while the letters had been granted to Graves as the largest creditor of the estate, he was not a creditor of Mrs. Lott, but of her husband, and because it appeared that no claims had been filed against the estate, and it had not been shown that there were any creditors.

The court overruled this motion and granted an order to sell the land for the payment of debts. This action of the court is assigned as error.

OVERALL & BESTOR, for appellant.—At common law it was the duty of the husband to maintain the wife while living and to bury her when dead, and this duty is in no way im-

paired or lessened by the fact that the wife may have or leave an equitable or statutory separate estate.—*Gunn v. Samuels*, 33 Ala. 201 ; *Smyley v. Reese*, 53 Ala. 97. Nor does it matter that the husband is insolvent.—*Gunn v. Samuels*, *supra*.

Here, after the death of the wife, an attempt is made to fasten a charge on her equitable separate estate on a contract not made by her, but by her husband, with a third party. "Without the concurrence of the wife the husband cannot by any contract, not even for necessaries, create a charge on the wife's equitable separate estate."—*O'Connor v. Chamberlain*, 59 Ala. 439 ; also, 63 Ala. 447.

. Nor can this claim be supported on the ground that the law creates a charge on the estate for its payment, without regard to any contract.—*Smyley v. Reese*, 53 Ala. 97.

The testimony shows that the claim of appellee was founded on a debt of the husband.

JAMES BOND, for appellee.—Nothing is of more imperative necessity than the burial of the dead. When a person dies who leaves no estate, the expense of burying him is a charge on the county where he dies.—Code, § 1748. When the deceased leaves an estate, the funeral expenses are a preferred charge on that estate.—Code, § 2430. And these expenses are a charge on the estate independent of any question of contract.—See *Rapelyea v. Russell*, 1 Daly (N. Y.) ; *United States v. Eggleston*, 4 Sawyer, 199.

Under section 2429 of the Code, the lands can be charged with the payment of the funeral expenses, because *all* the property of a decedent is charged with the payment of his debts.

The husband is liable at common law to pay for the burial of the wife, but when a wife dies leaving a large estate, while the husband is poor, shall the wife be buried at the expense of her own estate and in accordance with her station, or shall she be buried as a pauper, at the expense of the county ? A father is as much bound to maintain and bury his child as a husband is to perform these duties towards his wife. In the case of a child, an allowance will be made to the father for the payment of funeral expenses out of the child's estate. *Watts v. Steele*, 19 Ala. 656 ; *Beasley v. Watson*, 41 Ala. 234 ; 2 Brick. Dig. 292.

There is no difference in principle between these cases and an allowance to the husband out of the wife's estate for the payment of her funeral expenses.

As to the motion to vacate the letters, see *Curtis v. Williams*, 33 Ala. 570.—Code, §§ 2350, 2351.

[McCarthy v. Zeigler.]

STONE, J.—The law casts on the surviving husband the duty and legal obligation of burying his deceased wife, and of paying for the proper funeral expenses. No one, except the wife by her own contract, can fasten a charge on her equitable separate estate. It follows that neither the surviving husband, nor any one else, after the death of the owner of such estate, can incur any debt, for which the estate can be made liable.— *Gunn v. Samuel*, 33 Ala. 201; *Smyley v. Reese*, 53 Ala. 89. The expense of burying Mrs. Lott was in no sense a debt due from her estate, and could not constitute the owner of such claim a creditor of her estate. Graves, not being a creditor of hers, had no claim or right, on that account, to the administration of her estate, and the claim was not a debt, to justify the sale of her property for its payment.—*Owens v. Childs*, 59 Ala. 113; *Garrett v. Bruner*.

Reversed and remanded.