MARGARET A. LAZENBY v. JOS. H. OMO AND REBECCA OMO.

*Husband and wife—Liability as joint purchaser*

A hotel was sold to two men but deeded to their wives. It was after-
wards arranged that it should be carried on by one of the purchas-
ers, or by him and his wife, and negotiations were opened with him
for the sale of the hotel furniture, also. The wife advised with her
husband in regard to the condition and value of some portion of the
property. Suit for the purchase price of the furniture was brought
against the husband and wife together, as joint purchasers, but she
denied having any other interest, than that of a wife, in the pur-
chase. *Held* that in charging the jury, the relation between the
defendants should be given its just influence on the question whether
the wife was acting as joint purchaser or not.

Error to Lenawee. (Howell, J.)    Jan. 9.—Jan. 18.

ASSUMPSIT.    Defendants bring error.    Reversed.

*Weaver & Weaver* and *Oscar F. Sheldon* for appellants.

*C. A. Stacy* for appellee.

GRAVES, C. J.   In 1880 Joseph H. Omo and one Decker
purchased of the plaintiff a hotel in Blissfield and the
property was deeded to their wives. It was subsequently
arranged that the hotel should be carried on by Omo or by
Omo and his wife and a negotiation was at once opened
between the plaintiff's husband and the defendant Joseph H.
Omo, for the hotel furniture, and a trade was finally concluded.
In the course of the negotiations, both the plaintiff and Mrs.
Omo were somewhat consulted, and the latter advised with her
husband in regard to the condition and value of some por-
tion of the articles.   This action was brought to recover the
purchase price, it being claimed that Mrs. Omo was a joint
purchaser with her husband.   She denied having any other
interest in the purchase of the personal property than that
of a wife and insisted that her husband was alone liable.

The record states that the evidence is all returned, and so

far as it has any real bearing on the issue it appears to us to be as consistent with the position of the defense as with that of the plaintiff, and we think the learned judge did not succeed in properly explaining the case in this aspect of it to the jury.

It was very important that the relation between the defendants should have its just influence on the force and bearing of the facts as evidence on the question whether Mrs. Omo was dealing as a joint purchaser or merely in her character of wife. Any failure in that direction might very well lead to false inferences. *Sears v. Giddey* 41 Mich. 590. There is reason also for thinking that the charge was somewhat at fault in what was said concerning Omo's credit. There was perhaps ground for saying that there was some misunderstanding between him and the witness Tracy; but there was hardly a foundation for a direct and special reference of Omo's veracity to the consideration of the jury. In singling this matter out as a specific subject of charge and in laying so much emphasis upon it the judge rather implied that there was something much more serious than seems to have been the case.

It is scarcely expedient to go further on this record. But in order to guard against any chance of missupposition we take pains to observe that our determination extends to no question not mooted by counsel.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.