HORACE STAPLES'S APPEAL FROM PROBATE.

It is the duty of a husband to defray the expense of burying in a suitable manner his deceased wife, and he has no right to charge it against her estate.

Neither this court nor the Superior Court can find facts upon mere evidence reported by a committee, but it is the duty of the committee to find the facts that are proved by such evidence.

[Argued October 29th—decided November 9th, 1884.]

APPEAL by the appellant as administrator of the estate of Charry Staples, his deceased wife, from a decree of the probate court disallowing his administration account; taken to the Superior Court. Facts found by a committee and the decree of the probate court affirmed. (*Beardsley, J.*) Appeal to this court by the appellant. The points decided will be sufficiently understood without a statement of the facts.

*J. B. Curtis* and *E. W. Seymour*, for the appellant.

*A. S. Treat* and *C. Sherwood*, for the appellees.

PARK, C. J. The appellant was administrator on the

estate of his deceased wife. In his administration account he charged the estate with her funeral expenses. The claim was disallowed by the probate court, and the disallowance was affirmed by the court below.

We think no error was committed in this ruling. The cases of *Sears* v. *Giddey*, 41 Mich., 591, and *Cunningham* v. *Reardon*, 98 Mass., 538, fully sustain the decision. These cases hold that "every husband is bound at the common law to bury his deceased wife in a suitable manner, that is to say, he is bound to defray all necessary expenses." We fully concur in the doctrine of these decisions.

2. The court of probate refused to accept the inventory of the property belonging to the estate presented by the administrator, on the ground that it did not include all such property. The Superior Court affirmed the decision in this respect, and held that eleven shares of stock of the Westport Bank, found by the report of the committee to have been transferred to the administrator's intestate by the firm of Staples & Adams in part payment of a loan made by her to the firm, belonged to her estate at the time of her decease, and should have been inventoried as such, and charged against the administrator in his account, which was not done.

The finding of the committee, which is the basis of the decision of the court below, is as follows:—"Mrs. Staples [the administrator's intestate] received in part payment of a loan by her to Staples & Adams, eleven shares of the stock of the Westport National Bank, which was part of the hundred and forty shares standing in her name at the time of her death."

Here is a clear finding, as one of fact, that the eleven shares of stock belonged to the intestate at the time of her death. They were delivered to her as payment in part satisfaction of a loan made by her. Nothing can be clearer than that they belonged to her.

3. Complaint is made that the court below did not determine by its decree the ownership of all the other items of

property described in the report of the committee, and determine it in favor of the appellant.

The action of the court upon the matter is thus stated by the court :—" This court makes no finding in respect to the ownership of the other items of property described in the report of the committee, the finding contained in the report being too indefinite and uncertain to enable the court to make such finding."

This is a just criticism of the report of the committee. The report is largely a statement of items of evidence tending to show the existence of facts in regard to the ownership of such property, instead of stating the facts themselves. The Superior Court, as well as this court, in dealing with reports of committees is wholly a court of law, incapable of finding facts from evidence reported to it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.