Roberts, J.
This action has been heard upon the evidence and submitted to the court without the intervention of a jury, by agreement of parties. It is not necessary to state at length the allegations of the pleadings. In brief, the plaintiff seeks to recover upon an account for the funeral expenses of his deceased wife, which have been paid by him in the sum of $701. There is no material dispute between the parties as to the facts involved in this action. The plaintiff and his wife were both possessed of considerable property, and were living together at the time of her death, which occurred in St. Louis, November 13, 1904.
The plaintiff, upon being advised by telephone of the death of his wife, sent a telegram to Mrs. Summers, a relative, who was *566 with Mrs. Phillips, directing her to make arrangements for the transportation of the .body back to Ohio, and that he would be there as soon as possible. On arriving at St. Louis, the plaintiff found that a casket had been selected and all arrangements made for the transportation of the body with the exception of the selection of a rough box. No objection was made by the plaintiff to what had been done, and he paid the undertaker $650, the amount of his bill; also the expense of shipping the body, the expenses of Mrs. Summers and himself from St. Louis to Salem, and some other minor incidental bills, .all amounting to $701.
It is not claimed that the undertaker’s bill was exorbitant, and the only issue of importance in the case is the claim of the defendant that the expenses sought to be -recovered by the plaintiff are only such -as he was primarily liable for as the husband of said decedent; that they were his debt, and were properly paid by him and that he is not entitled to reimbursement out of her estate.
It was provided in the will of the decedent that it was her desire that her just debts and all charges be paid out of her estate. The will also appropriated the sum of $6,000 for a vault. These provisions of the will are claimed by the plaintiff to be indicative of a desire on the part of the decedent, fairly construed, that the expenses of her funeral should be paid out of her estate.
A decision of this case involves only a determination of a question of law, viz., has a surviving husband, who has paid the funeral expenses of his deceased wife, a right to recover therefor from her estate when both he and her estate are possessed of ample means, and the proposition might well have been met by a demurrer to the petition.
There is considerable lack of uniformity of holding and conflict of opinion in the decisions of different states upon this question. It is the settled rule of common law that the husband is liable for the funeral expenses of his wife. See Ambrose v. Kerrison, 10 Com. B., 776; Bradshaw v. Beard, 12 Com. B. (N. S.), 344; Sears v. Giddey, 41 Mich., 590; Smyley v. Reese, 53 Ala., 89; Lott v. Graves, 67 Ala., 40; McClellan v. Filson, 44 Ohio St., 184.
In McClellan v. Filson, supra, Nancy McClellan, a married woman, died testate, leaving an estate of her own, and a husband *567 surviving her, who also had property. A son of the decedent qualified as executor and paid the expenses of her funeral. A daughter of the decedent excepted to the account of the executor upon the ground that the funeral expenses were a debt against the husband and the executor should have compelled the undertaker to have looked to him for payment. It was held in this case, under the circumstances involved, that the funeral expenses were a proper charge against the estate of the decedent. The opinion of the court distinctly recognizes the liability not only of the estate of the decedent, but of the surviving husband, for the payment of the funeral expenses, in the following language on pages 187, 189, 190:
“It is urged * * * that at common law there is a duty upon the husband to dispose of the body of his deceased wife by decent sepulture in a suitable place. This is conceded, and it is not intended here to weaken the force of that duty, nor to impair the liability of the -husband for the expenses of such burial. But the husband may be without means and unable to procure the services of those whose business it is to bury the dead, though the wife leave an abundance. * * *'
“The question is -not simply whether the husband is liable as between him and the undertaker, but may not the estate of the wife also be liable ? * * *
“But if the debt may be treated, as we think in this ease it may be, as well that of the wife as of the husband, it would not seem inequitable to allow her estate to bear the burden, though that does serve to exonerate him.”
We thus have, by the distinct declaration of our Supreme Court, a recognition of the liability of a surviving husband for the funeral expenses of his deceased wife, without express declaration, however, as to whether the husband, having paid such debt, can claim reimbursement from the estate of the wife. That he would have such right can not fairly be deduced from the opinion in this case, the court expressly disclaiming any purpose of deciding what was not before it.
The case of Richter v. Richter, 26 Bull., 201, decided by Judge Pugh, of the Franklin County Common Pleas, is more closely in point. The case was brought by the husband to recover for his wife’s funeral expenses from her separate estate. She had not *568 been living with her husband for some time prior to her decease. The husband attended to the arrangements of her funeral and paid the expenses thereof. She left a will, one of the clauses of which provided for the payment of her funeral expenses out of her own estate. The husband made a claim against his wife’s estate to be reimbursed and the claim being disallowed, he brought suit. The case was decided on demurrer to the petition. Judge Pugh held that it was the common law duty of husbands to bury their wives as well as to provide for them during life, and the fact that the parties have lived apart does not absolve husbands from this duty. Undertakers have recourse to both the estate of the husband and the separate property of the wife, in recovering for such expenses and that the husband could not recover.
It will be noticed that this case differs from the one at bar in two respects: first, the husband and wife were living apart, and second, the wife expressly provided for the payment of her funeral expenses. Nevertheless the court held that the husband was not entitled to reimbursement.
Since the date of the decision of McClellan v. Filson, supra, the Legislature of Ohio has declared, Section 3110, Revised Statutes (Gen. Code, 7997): “The husband must support himself, his wife, .and his minor children out of' his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.”
Here is a distinct declaration of statutory law that the husband must support his wife out of his property or by his labor, and only in case of his inability is the wife required to assist. This statute recognizes and declares the duty of the husband to support his wife without reference to or qualification concerning her separate estate. If the duty of a husband to support his wife extends to and includes a proper burial, then this statute recognizes the duty of' the husband to pay the expenses1 of his wife’s funeral. It would be abhorrent to all civilized sense of right and duty to say that the obligations of care and support assumed by the husband, either in law or morals, end at her death and do not include a decent and proper burial.
Beyond question it was the common law duty of the husband to pay for the burial of his wife. Section 3110, Revised Stat *569 utes (Gen. Code, 7997) recognizes and is declaratory of the common law. Toledo v. Duffy, 13 C. C., 482; Chittenden v. Chittenden, 22 C. C., 498.
The enactment of this statute seems to be a distinct recognition of common law duties and liabilities. If such be the ease then the plaintiff in this action simply performed his duty as a husband and paid his debt and would not be entitled to recover from the estate of his wife. The burial of a wife is sometimes recognized as being in the class of necessities which a husband must provide for his damily. 21 Cyc., 1449.
‘lit is the duty of the surviving husband to bury the corpse’ of his wife.” 8 Am. & Eng. Ene. Law (2d Ed.), 838.
“ It is the duty as well as the right of the husband to dispose of the body of his deceased wife by decent sepulture in a suitable place.” 15 Am. & Eng. Ene. Law (2d Ed.), 816.
“The maintaining of the wife involves the duty of her burial.” Schouler, Dom. Rel., 166; Smyly v. Reese, supra; Sears v. Giddey, supra; Staples’s Appeal, 52 Conn., 425.
When recourse is had to the decisions of other states, considerable diversity of opinion upon this question is found.
Sullivan v. Horner, 7 Atl. Rep., 411 (N. J.,), is cited by plaintiff. In this case the husband, his wife and child were killed in an accident remote from home. Held: That the estate of the husband was liable for the funeral expenses of each, as a preferred claim against his estate, but this case does not involve the question in issue.
Also, Towery v. McGaw, 22 Ky. L. Rep., 155, cited by plaintiff, in which it was held that the husband could recover funeral expenses of the wife from her estate. This decision was based, however, upon a construction of the statute of that state.
Also, Schneider v. Breier’s Est., 129 Wis., 446, in which it was held that when an undertaker furnished burial for a married woman on the credit of her separate estate, such estate was primarily liable therefor, independent of the liability of the husband. It is expressly stated, however, that the question whether the husband would be liable in a proper case, is not decided.
*570 Two other decisions not cited by counsel also support the contention of the plaintiff in this action. Namely, Morrissey v. Mulhern, 168 Mass., 412, and Constantinides v. Walsh, 146 Mass., 281. In these cases it was held that the estate of a married woman was primarily liable for her funeral expenses and when the husband pays them he may recover from her estate.
A leading case upon this question, frequently cited in text books, is that of Sears v. Giddey, supra. In this ease, on the death of the wife the husband and her son went together and gave orders for a casket and made other arrangements for the funeral. Nothing, was said respecting payment or who was to be charged. The charge was, however, made to the husband. When the bill was presented he refused to pay, assigning as a reason that his deceased wife had property of her own and that her estate should pay. Judge Cooley held that the common law liability of the husband for the funeral expenses of the wife is not disputed; that the fact that the wife left property was not important, and that the husband was liable in the action.
Another case frequently cited is Smyley v. Reese, supra, in which it was held that although, by the statutes of Alabama, a married woman is entitled to the exclusive use and ownership of her separate property and the husband is not liable for her debts contracted before marriage, yet the husband, as at common law, is bound to pay the wife’s funeral expenses, and can not claim reimbursement therefor out of her estate.
It is urged in the ease at bar that the tendency of recent decisions is to disregard the common law rule of liability of the husband and to consider as an important factor, in determining whether the husband or the estate of the wife shall pay the expenses of her burial, the property possessed by each, and it is claimed that if the wife has considerable means her estate should pay such expenses.
The case of Smyley v. Reese, however, lays down the rule that the duties of support and burial resting upon the husband by common law was not upon the principle that the marriage was a gift to the husband of the wife’s estate and that he thereby became vested with an ownership qualified or absolute, of her property and rights of property, but that the duty was as obligatory *571 on the husband to whom the wife brought no portion as on him who had received the largest fortune, and that the duty of burial was one of the obligations of the marriage relations, independent of property rights.
Of other cases which hold it to be the duty of the husband to pay for the funeral of his wife, the following may be cited: In re Weringer, 100 Cal., 345; Staples’s Appeal, 52 Conn., 425, 426; Gallaway v. McPherson, 67 Mich., 546.
Cases further holding that the husband can not recover from the estate of the wife for her funeral expenses: Gould v. Moulahan, 53 N. J. Eq., 343; Carpenter v. Hazelrigg, 103 Ky., 538; Lott v. Graves, supra; Garvey v. McCue, 3 Redf. Surr., 313; Lucas v. Hessen, 13 Daly (N. Y.), 347; 17 Abb. N. C., 271; In re Wauhoup, 13 Lane. Bar., 182; In re Wheeler, 4 Pa. Dist., 265.
After having examined with considerable care the cases which the industry of counsel on both sides has presented in briefs, and a considerable number of cases not cited, it is sufficient to say that it was without doubt the common law duty of the husband to pay the funeral expenses of his wife.
From an examination of the conflicting decisions of numerous states as to whether he is entitled to be reimbursed from his wife’s estate for such expenses, it is believed that the greater weight of authority by the best considered cases denies such-right; that where such right is recognized, it is frequently the result of statutory construction; that in Ohio the common law rule prevails, has been-generally recognized by courts, and has the approval of legislative enactment. It therefore follows that the plaintiff is not entitled to recover in this action, and that judgment be awarded the defendant for costs.