## ROCAP, EXECUTOR, *v.* BLACKWELL ET AL.

[No. 11,466.    Filed January 24, 1923.]

1. EXECUTORS AND ADMINISTRATORS. —*Claim Against Estate.—Harmless Error.—Overruling Demurrer to Answer.*—In an action on a claim against a decedent's estate, the sustaining of a demurrer to the answer filed by the executor was not prejudicial to him where the only material fact averred in the answer was adduced in evidence. p. 235.

2. HUSBAND AND WIFE.—*Burial of Wife.—Common-Law Duty.*—The common law imposes upon the husband the duty to support his wife, and, upon her death, to provide a decent burial for her body. p. 235.

3. HUSBAND AND WIFE.—*Funeral Expenses of Wife.—Will by Wife Making Funeral Expenses a Charge Upon Her Estate.—Validity.*—A married woman may, by the terms of her will, make the expenses of her funeral and burial a charge upon her separate estate. p. 235.

4. HUSBAND AND WIFE.—*Wife's Funeral Expenses.—Liability of Husband.—Payment of Funeral Expenses from Estate.—Statutes.*—Section 2901 Burns 1914, §2378 R. S. 1881, making the funeral expenses a preferred claim against a decedent's estate, subject only to the payment of the expenses of administration, is intended to insure a reasonably prompt burial, but such statute does not relieve the husband of his common-law duty to pay the funeral expenses of his wife. p. 236.

5. EXECUTORS AND ADMINISTRATORS.—*Burial Expenses of Married Woman.—Payment from Estate under Terms of Will.*—Where the will of a married woman provided first for the payment of her funeral expenses, and then, after the payment of certain legacies, bequeathed the residue of her estate to her husband, the undertaker conducting the funeral services is entitled to a reasonable compensation for his services from the estate of the wife, if it be solvent, and is not required to

attempt to collect the amount from the husband, the only effect of the payment of such amount by the husband being to increase the share ultimately to be received by him from the estate. p. 237.

From Marion Probate Court; *Mahlon E. Bash,* Judge.

Action by John J. Blackwell and another on a claim against the estate of Margaret Shea, deceased. From a judgment for plaintiffs, James E. Rocap, executor, appeals. *Affirmed.*

*James E. Rocap* and *John J. McShane,* for appellant. *G. R. Estabrook,* for appellee.

The appellant James E. Rocap is the executor of the will of Margaret Shea, deceased. The appellees are partners and engaged in the business of undertakers; and upon the death of the decedent they took charge of her body and furnished such things and rendered such services as were necessary to an appropriate funeral and burial. They filed their claim therefor against the estate in the sum of $363. The claim, having been disallowed by the executor, was eventually entered on the trial docket. The executor filed an answer in which it is averred: "That at the time of her death the decedent was a married woman and that she left a surviving husband, James Shea; that the claim is not a legal claim against the estate of Margaret Shea, deceased; that said estate is not liable for the funeral expenses of the decedent; and that for such expenses the husband, James Shea, is liable to claimants."

A demurrer to the answer was overruled.

The undisputed evidence establishes the following facts: James Shea is the surviving husband of the decedent. The claimants rendered the services and furnished the supplies specified in their claim, at the request of of the surviving husband; but it was "understood" between them and the husband that they

should file a claim against the estate of the deceased wife for their reasonable charges. The amount of the claimants' charges is reasonable. They made a demand upon the husband for payment of their claim, and the husband refused to pay. The first item of decedent's will is in the following words:

"I direct that all my expenses and debts for my funeral and last illness be first paid out of my estate and as soon as possible after my death."

Item 2 of the will provides a legacy of $100 for her sister. Item 3 provides a fund of $250 to be used by the pastor of her church, and his successors, for a specific purpose. Item 4 provides a legacy of $100 for her niece. Item 5 provides a legacy of $50 for each of two daughters of her niece. Item 6 directs that the executor shall erect a monument at her grave, to cost not less than $150. Item 7 directs that if her personal estate is not sufficient to pay the legacies and charges, then the deficiency shall be a charge upon her real estate. Item 8 gives to another niece certain specified articles of personal property. Item 9, being the last item, is a residuary clause in favor of her husband, by which she bequeaths and devises to him all the rest and residue of her estate, both real and personal, after the payment of the foregoing legacies and charges. This item further provides that if her husband should not survive her, then all the rest and residue of her estate, after the payment of the legacies and charges, shall go to her brothers, sisters, nieces and nephews, living at the time of her death, share and share alike.

The trial resulted in a finding and judgment for the claimants, for the full amount of their claim, to be paid out of the assets of the estate.

The errors assigned are: (1) overruling the demurrer to the answer; and (2) overruling the motion for a new trial.

DAUSMAN, J.—(after stating the facts as above).

It will be observed that the only averment of fact in the answer is that the decedent left a surviving husband. The other averments are pure propositions of

1. law. Since the executor did not stand on the ruling on the demurrer, we will treat it as we are required to treat all such rulings after trial—in the light of the evidence. The one material fact averred in the answer was adduced in evidence and the executor has had the full benefit of that fact. Therefore, the ruling on the demurrer cannot be reversible error.

The common law imposes upon the husband the duty to support his wife, and, upon her death, to provide for her body a decent burial. That duty arises out

2. of the marital relation and is referable to considerations of natural justice and public policy. It originates at the time of the marriage. It is a continuing duty and cannot be fulfilled until the last act of piety has been performed. Any attempt to treat the duty of a husband to support his wife as being a duty separate and distinct from the duty to bury her lifeless body in a manner suitable to his estate and station in life, serves only to confuse. *Ketterer* v. *Nelson* (1911), 146 Ky. 7, 141 S. W. 409, 37 L. R. A. (N. S.) 754; *Sears* v. *Giddey* (1879), 41 Mich. 590, 2 N. W. 917, 32 Am. Rep. 169; *Kenyon* v. *Brightwell* (1903), 120 Ga. 606, 48 S. E. 124, 1 Ann. Cas. 169; *Smyley* v. *Reese* (1875), 53 Ala. 89, 25 Am. Rep. 598.

It does not necessarily follow, however, that a third person who furnishes the means of support for a married woman must in every case recover his com-

3. pensation from the husband or be turned emptyhanded away. By her own contract the wife may bind herself and her separate estate for the payment of the purchase price of merchandise which she procures for herself, even though the articles be neces-

sary for her support. Indeed, a third person may furnish the necessaries of life for a married woman under various other circumstances which will give him a right to recover from someone other than the husband. Likewise, it does not necessarily follow in every case that an undertaker who renders the services and furnishes the supplies necessary for the proper burial of the lifeless body of a married woman, must recover from the surviving husband or forever go unrequited. We are not aware of any principle of law which prohibits a married woman from making, by the terms of her will, the expenses of her funeral and burial a charge upon her separate estate.

The statute provides that where the estate is solvent the debts and liabilities of a decedent shall be paid in the following order: (1) the expenses of administration, (2) the expenses of the funeral of the decedent, (3) the expenses of his last sickness, etc. §2901 Burns 1914, §2378 R. S. 1881. Counsel for the appellees contend that where a deceased wife leaves a separate estate the effect of the statute is to relieve the surviving husband from his common-law liability for the payment of the expenses of her funeral. The contention cannot be sustained. The statute was enacted for a different purpose. For obvious reasons every lifeless human body should have proper care and respectful disposal with reasonable promptitude. That is a matter which cannot be delayed to give relatives an opportunity to settle their disputes as to who shall pay the expenses. *Sears* v. *Giddey, supra.* The purpose is to insure, insofar as practicable, a reasonably prompt burial; and to that end, the funeral expenses are imposed primarily upon the estate of a decedent as a liability arising out of equity and public policy. *Hildebrand* v. *Kinney* (1909), 172 Ind. 447, 87 N. E. 832. Our statute recognizes that liability and gives it second place

in the order of payment. Nevertheless, the husband's common-law liability has not been abrogated. *Scott* v. *Carothers* (1897), 17 Ind. App. 673, 47 N. E. 389. But where the wife leaves an estate the husband's liability becomes secondary.

In the case at bar it clearly appears from the entire will that the first item thereof is, in reality, a provision in favor of the surviving husband. If he should pay the expenses of the funeral and burial of the decedent, then, if the estate be solvent, the amount thus paid would eventually be returned to him under the residuary clause. Hence, it would be folly to require him to pay the claim at this time just for the sake of increasing to that extent the portion he is ultimately to receive from the estate. It is obvious that the probate court did not err in denying a new trial.

It should be understood that we are not deciding that the effect of the will is to absolutely release the husband from his common-law liability; nor are we deciding that a situation might not arise which would require the application of principles of equity and the enforcement of his common-law liability as between him and creditors, or as between him and other legatees. That feature is not presented by the record.

Judgment affirmed.