PHILLIPS, ADMINISTRATOR, ET AL. *v.* TRIBBEY ET AL.

[No. 11,720. Filed November 1, 1923. Rehearing denied May, 22, 1924. Petition to modify mandate refused October 16, 1924.]

1. HUSBAND AND WIFE.—*Common-law duty, of husband to pay, funeral expenses of wife.*—At common law, the surviving husband of a deceased wife was liable for her funeral expenses, and this rule of law has not been changed by §2901 Burns 1914, §2378 R. S. 1881, which does not purport to create any new liability against decedents' estates, but merely recognizes existing liabilities and provides for the order of their payment. p. 71.

2. STATUTES.—*In derogation of common law must be strictly, construed.*—A statute in derogation of common law must be strictly construed, and a statute will not be held to be in derogation of a common-law rule unless it appears to be so under a strict construction. p. 71.

3. HUSBAND AND WIFE.—*Common-law duty, of husband to bury, deceased wife, and obligation can be enforced by, direct action against him.*—At common law, it was the duty of a husband to bury, the body of his deceased wife, and this obligation can be enforced in a direct action against the husband for the expense of burial. p. 71.

4. EXECUTORS AND ADMINISTRATORS.—*Funeral expenses of wife constitute claim against her estate, though' ultimate liability is against husband.*—An undertaker who buries a man's wife may enforce his claim for the funeral expenses, in the first instance, against the surviving husband, but he may proceed against the wife's estate, on which the law imposes a liability for the reasonable expense of burial, though the ultimate liability is on the surviving husband. p. 73.

5. APPEAL.—*Appellate tribunal. must determine questions arising, in the administration of estates though not pleaded.*—On appeal by an administrator from an adverse judgment in a proceeding to secure an order for the sale of real estate to pay debts, where the issue whether all of decedent's real

estate shall be sold, and, if not, what part, has necessarily arisen, it is the duty of the appellate tribunal, in view of the equitable powers which courts are required to exercise in the administration of estates, to determine the same, though not directly presented by the pleadings.   p. 75.

6.   EXECUTORS AND ADMINISTRATORS.—*Real estate sold to pay debts limited to amount necessary.*—It is the policy of the law to limit the sale of real estate for the payment of the liabilities of a decedent to such an amount as may be necessary for that purpose, as far as reasonably possible, having regard for any injurious effect that might result from a sale of a portion only.   p. 75.

7.   EXECUTORS AND ADMINISTRATORS.—*Form of order of sale of real estate to pay debts when surviving husband's interest must be sold.*—In a proceeding by an administrator of a deceased wife to secure an order for the sale of his decedent's real estate to pay debts, where the surviving husband is ultimately liable for the payment of the claim (for funeral expenses), the order of sale should be so molded as to direct a sale of his interest in the realty.   p. 75.

8.   EXECUTORS AND ADMINISTRATORS.—*Funeral expenses not indebtedness of decedent in absence of contract.*—Funeral expenses of a decedent are merely liabilities of his or her estate, imposed by law on principles of public policy, and do not constitute an indebtedness of the decedent, in the absence of contract on his or her part.   p. 77.

9.   EXECUTORS AND ADMINISTRATORS.—*Husband's interest in deceased wife's real estate may be sold for wife's funeral expenses.*—Statutes which protect from sale the interest of a surviving husband in his deceased wife's real estate for the payment of her general debts are not applicable where her funeral expenses are involved, for the reason that they are not an indebtedness of the decedent, but are merely liabilities of the estate, imposed by law on principles of public policy, and such statutes do not prevent the sale of his entire interest for the purpose of paying such expenses, as he is ultimately liable therefor.   p. 77.

10.   EXECUTORS AND ADMINISTRATORS.—*Exemption cannot be claimed on husband's interest in deceased wife's real estate, ordered sold to pay her funeral expenses.*—In a proceeding by an administrator to procure an order for the sale of his decedent's real estate to pay her funeral expenses, the fact that her surviving husband is entitled to a householder's exemption from execution does not prevent the court from ordering the sale of his entire interest, as such right would not be superior to the lien for such funeral expenses.   p. 77.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Edward N. Phillips, as administrator, against Leo Tribbey and others to secure an order for the sale of certain real estate. From a judgment for defendants, the plaintiff and others appeal. *Reversed.*

*A. L. Gary, Anna Bohannon* and *Douglas Morris,* for appellants.

*John A. Titsworth* and *Russell B. Titsworth,* for appellees.

BATMAN, J.—This is an action by appellant, Edward N. Phillips, as administrator of the estate of Theodosia Phillips, deceased, against appellant, Charlie M. Phillips, and appellees, to secure an order for the sale of certain real estate owned by the decedent at her death, to make assets for the payment of certain liabilities of her estate. Issues were joined by the filing of general denials. On the trial, the court, pursuant to request, made a special finding of facts and stated its conclusions of law thereon, the facts so found being, in substance, as follows: Theodosia Phillips died intestate in 1921, leaving as her only heirs her husband, Charlie M. Phillips, and her parents Lee and Mary E. Tribbey. Edward N. Phillips qualified as her administrator in 1922. The decedent died the owner of personal property of the value of $335.71, and of the real estate involved in this action of the value of $2,000, which constituted the residence of the decedent and her husband at and before her death. The value of the services rendered the decedent during her last illness, by her physician and nurse, amounts to $172, which was paid by the administrator from her personal estate. The reasonable value of decedent's funeral, conducted by George C. Wyatt and Co. is $553, for which a claim has been duly filed. Said claim is just, due and wholly unpaid. Charlie M. Phillips, the decedent's husband,

has sufficient property in his own name, subject to execution, to pay the expenses of the decedent's last sickness and funeral. The cost of administration, without a sale of decedent's real estate will not exceed $100, and if the same is sold, such cost will not exceed $250. The taxes due from said estate amount to $25.87. The decedent has no indebtedness except as stated above. She did not expressly contract to pay the expenses of her last sickness and funeral. Demand was made on the decedent's husband for the payment of such expenses, but payment was refused. An inventory and appraisement of said real estate, with additional bond, as by statute required, were duly filed and approved on the trial of the cause. On the foregoing facts, the court stated two conclusions of law as follows: "(1) The personal estate of the decedent, in hands of administrator, is sufficient to pay all debts for which her estate is liable. (2) Decedent's funeral expenses of $553 and last sickness expenses of $172 are debts for which her estate is not liable, but are properly chargeable against her husband, Charlie M. Phillips." Appellants' separate exceptions to each conclusion of law was followed by a judgment that the administrator of said decedent take nothing by his action, and that appellees recover their costs. In this appeal, appellants have challenged, separately, each of the conclusions of law on which said judgment is based.

From a consideration of the facts found, it is obvious that a determination of the following question will be decisive of this appeal: May an undertaker 1-3. who has buried a deceased wife enforce his claim for such services against her estate where the surviving husband has sufficient property subject to execution to satisfy the same? It is well settled that, at common law, the surviving husband of a deceased wife was liable for the expenses of her last sickness, and

of her funeral. *Rocap* v. *Blackwell* (1923), 79 Ind.
App. 232, 137 N. E. 726; *Butterworth & Sons* v. *Teale*
(1909), 54 Wash. 14, 102 Pac. 768, 18 Ann. Cas. 854;
*Kenyon* v. *Brightwell* (1903), 120 Ga. 606, 48 S. E.
124, 1 Ann. Cas. 169; *Bowen* v. *Daugherty* (1915),
168 N. C. 242, 84 S. E. 265, Ann. Cas. 1917B 1161.
As the common law is in force in this State, except
where modified or abrogated by statute, we must hold,
under the facts of the instant case, that the surviving
husband of the decedent is liable for such expenses, un-
less the common law, as stated, has been superseded by
some legislative enactment. Appellants rely upon
§2901 Burns 1914, §2378 R. S. 1881, as affecting a
change in the common law in this regard, but we do
not so construe it. In our opinion, that section does
not purport to create any new liability against de-
cedents' estates, but only recognizes existing liabilities,
and provides for the order of their payment. *Rocap*
v. *Blackwell, supra.* Appellants state certain reasons
for the common-law rule which requires a husband to
pay the funeral expenses of his wife, and assert that
the statutes of this State which emancipate married
women from "the barbarities of her common-law bond-
age" leave the court free to give the section of the stat-
ute under consideration the construction for which they
contend. In construing said section, we have not been
influenced by the reasons on which the common-law
rule in question is based, as it should not be held to be
in derogation of such rule, unless it appears to be so
under a strict construction. *Thornburg* v. *American
Strawboard Co.* (1895), 141 Ind. 443, 50 Am. St. 334;
*Springfield, etc., Ins. Co.* v. *Fields* (1916), 185 Ind. 230;
*Connecticut, etc., Ins. Co.* v. *King* (1911), 47 Ind. App.
587. But if it could be said that the reasons for such
rule were proper matters for consideration in this con-

nection, we could not escape the fact that one of such reasons, and probably the principal one, is based on an obligation arising from the marital relation, apart from any property interests acquired through the wife. This clearly appears from the fact that, at common law, the duty of a husband to bury the body of his deceased wife "was as obligatory upon one to whom the wife brought no portion, as on him who had received the largest fortune." *Kenyon* v. *Brightwell, supra.* It thus appears that the funeral expenses, arising from the burial of the decedent in the instant case, might have been enforced in the first instance, by virtue of the common law, in a direct proceeding against her husband.

While the undertaker who buried the body of the decedent had the right indicated above, it does not follow that he was confined to such right in the enforcement of his claim. It is generally recognized that the law, on equitable principles and grounds of public policy, imposes on the estate of every deceased person a liability for the reasonable cost of burying the body, usually designated as funeral expenses. 11 R. C. L. 223; *Hildebrand* v. *Kinney* (1909), 172 Ind. 447; *Snyder* v. *Thieme & Wagner Brew. Co.* (1910), 173 Ind. 659, Ann. Cas. 1912A 774, note; *Golden Gate, etc., Co.* v. *Taylor* (1914), 168 Cal. 94, 141 Pac. 922, 52 L. R. A. (N. S.) 1152, Ann. Cas. 1915D 742; *Schneider* v. *Estate of Breier* (1906), 129 Wis. 446, 109 N. W. 99, 6 L. R. A. (N. S.) 917; *Patterson* v. *Patterson* (1874), 59 N. Y. 574, 17 Am. Rep. 384; *Fogg* v. *Holbrook* (1895), 88 Me. 169, 33 Atl. 792, 33 L. R. A. 660. Being a matter which cannot be delayed, and ought not be preceded by unseemly controversy, the law gives the undertaker who performs the service a right to assert his claim, in the first instance, at

his election, against the estate of the decedent, thus providing a means for securing prompt service, by relieving the one called upon to render the same from determining at his peril from what source he must make collection, and of the necessity of possible litigation to exhaust one before proceeding against another. *Rocap* v. *Blackwell, supra; Stevens* v. *Williamson* (1921), 222 Ill. App. 258; *Sears* v. *Giddey* (1879), 41 Mich. 590, 2 N. W. 917, 32 Am. Rep. 168; *Golden Gate, etc., Co.* v. *Taylor, supra; Fogg* v. *Holbrook, supra.* By this we do not mean to say that an undertaker can fasten the ultimate liability on the estate of a married woman by proceeding against it in the first instance. Ultimate liability is not a matter with which he is concerned, but constitutes a question which may arise between the surviving husband and the personal representative of the decedent in a separate action, or by proper pleadings and service of process, if a claim is filed against the estate for such expenses. It seems clear to us that in whatever form the question may arise in this State, with the common law still in force on the subject under consideration, as we have held, the ultimate liability for the funeral expenses of a deceased wife rests on the surviving husband, unless relieved therefrom by some contractual or testamentary provision. *Rocap* v. *Blackwell, supra.* But, as we have indicated, this does not bar the enforcement of such claim in the manner disclosed by the finding in this action. It follows from what we have said, that the decisive question stated above must be answered in the affirmative. We hold, therefore, that the court erred in each of its conclusions of law. The judgment is therefore reversed, with instructions to the trial court to restate its conclusions of law in conformity with this opinion, and to render judgment accordingly.

ON PETITION FOR REHEARING.

BATMAN, J.—Appellees have.filed a petition for a rehearing which has led to a consideration of another phase of the question presented by this appeal.

5-7. It appears from the special finding that the decedent left surviving as her sole heirs at law, her husband, appellant Charlie M. Phillips, and her parents, the appellees. Three-fourths of the real estate in question, therefore, descended to the former and one-fourth to the latter, subject to a possible sale to secure funds with which to pay the liabilities of the estate of the decedent. §3027 Burns 1914, §2489 R. S. 1381. It also appears that the personal estate of the decedent is sufficient to pay all the liabilities of her estate except those for which her surviving husband, appellant Charlie M. Phillips, is ultimately liable, and that his three-fourths interest therein is of a value far in excess of such liability. Under these circumstances, the question arises, should all the real estate in question be ordered sold, and, if not, what portion or interest should be included in such order? The pleadings in the instant case are not so drawn as to present this question as a direct issue, as would have been proper and advisable, nevertheless it is our duty to determine the same, in view of the equitable powers which courts are required to exercise in the administration of estates, where not directed by statute, since it is one which necessarily arises in determining the relief to be awarded under the issues submitted. *Galvin* v. *Britton, Admx.* (1898), 151 Ind. 1; *Hildebrand* v. *Kinney* (1909), 172 Ind. 447. It is the policy of the law to limit the sale of real estate for the payment of the liabilities of a decedent to such an amount as may be necessary for that purpose, as far as reasonably possible, having regard for any injurious effect that might result from a sale of

a portion only. *Black* v. *Meek* (1848), 1 Ind. 180; *Fralick, Admr.,* v. *Moore* (1890), 123 Ind. 75. In the instant case, there is no finding that there would be any such injurious results from a sale of a portion thereof, or an undivided interest therein, and such fact will not be presumed. It is obvious, under the facts found, that appellant Charlie M. Phillips, is ultimately liable for the payment of the claims for which a sale of real estate must be had, and that the three-fourths interest therein, which the law casts upon him, subject to the contingent sale stated, is sufficient to pay the same, with all attending costs. This being true, equity requires that the order of sale, which must follow a restatement of the conclusions of law, should be so molded as to direct the sale of his undivided three-fourths of said real estate, and that such conclusions should be so stated as to form the basis of such an order. This is in harmony with the case of *Galvin* v. *Britton, Admx., supra.* The trial court in restating its conclusions of law, as heretofore instructed, should make the same conform to the law as stated in the original opinion and as here announced, and it is so ordered.

Petition for rehearing denied.

## ON MOTION TO MODIFY MANDATE.

BATMAN, J.—Appellant, Charlie M. Phillips, seeks to have the court modify its mandate herein, made on May 22, 1924, in denying appellees' petition for a rehearing, wherein the trial court was directed to so restate its conclusions of law on the facts found as to form the basis of an order for the sale of said appellant's undivided three-fourths of the real estate in question for the purpose shown. Through such a modification, he seeks to have the three-fourths interest in said real estate, cast on him as the surviving hus-

band of the decedent, by reason of the provisions of §3027 Burns 1914, §2489 R. S. 1881, protected from a sale for the purpose shown, unless the remaining one-fourth thereof, cast on appellees as the surviving parents of the decedent, by reason of the provision of said last named section, fails to sell for a sufficient amount to pay the claims involved, and, in the event it fails to so sell, that the one-third interest therein cast upon him as such surviving husband, by reason of the provisions of §3016 Burns 1914, Acts 1891 p. 71, be so protected.

If the funeral expenses of an intestate, where no contractual relation with the decedent is shown, constituted an indebtedness of such intestate, there would 8-10. be merit in appellant's contention. But such is not the case. They are merely liabilities of the estate of a decedent, raised up and imposed by law on principles of public policy. *Hildebrand* v. *Kinney* (1909), 172 Ind. 447. Hence the statutes which protect the interest of a surviving husband from sale for the payment of the general debts of a deceased wife have no application where the funeral expenses of the decedent are involved. Such expenses become a charge upon all of the real estate of the decedent, in the same manner and to the same extent that her general debts become a charge upon two-thirds thereof where her personal estate proves insufficient to pay the same. In the instant case, the administrator of the deceased wife is seeking to enforce such a charge against her real estate, by a petition which has been held to be in the nature of a bill to foreclose a lien. *Stone* v. *Elliott* (1914), 182 Ind. 454. Therefore, under the facts found, showing a personal liability on the part of the surviving husband, as we have heretofore determined, it became a question for equitable determination

whether the whole of the real estate, or only a certain portion thereof, or interest therein, should be ordered sold, and if not the whole, then what portions or interests.  We considered that question in denying appellees' petition for a rehearing, and concluded that, inasmuch as the facts found show that the lien in question attaches to the whole of the real estate involved, and that the surviving husband was ultimately liable for the only claim requiring a sale thereof, as we had theretofore determined, that equity required that an order be made to sell the whole of his interest in such real estate.  The fact that appellant is entitled to a householder's exemption from execution, as is made to appear by affidavit, is of no significance, since any such right would not be superior to the lien for the funeral expenses of the decedent.

For the reasons stated, we adhere to our former opinion.  Petition to modify mandate denied.