SCHLOTTERBACK, EXECUTRIX v. ORT, EXECUTOR.

[No. 15,376. Filed January 19, 1937.]

*Kickler & Orndorf* and *Whiteleather & Bloom,* for appellant.

*Barrett, Barrett & McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* for appellee.

KIME, J.—Jesse Lock and Hettie Lock were husband and wife. On September 19, 1932, Hettie Lock died testate and her will, omitting the formal parts, reads as follows: "ITEM ONE. It is my will that all of my just and legal indebtedness, including the expenses of my last illness and my funeral expenses, be paid out of my estate as soon as possible and practicable after my decease by my executrix hereinafter named. The cost of burial shall be consistent with my financial condition and be a good, respectable burial.

"ITEM TWO. I give and bequeath unto my beloved husband, Jesse Lock, all of the household goods contained in our home both useful and ornamental of which I die the owner. It is my will that my said beloved husband shall accept said household goods, together with the provisions made in Item One of this my last will and testament for the payment of the expenses of my last illness and my funeral expenses, as his full share in my estate. I make this bequest because of the fact that my estate consists of personal property, derived largely from the sale of real estate of which I was seized at the time of my marriage to my said beloved husband.

"ITEM THREE. The balance of my estate of every kind, character and description and wherever situate of which I die the owner, including contracts for the

sale of real estate, choses in action, money, bonds, promissory notes, stocks, and all chattels, except those referred to in 'Item two (2)' of this my last will and testament, I give and bequeath unto my beloved niece, Florence E. Schlotterback. I make this provision for my beloved niece in consideration of long, kind, loving, devoted and affectionate care and attention which she has manifested both for me and my beloved husband in the years past and in anticipation of like care and attention which my said beloved niece will render for me in my declining years. The value of such services so rendered and to be rendered by my said beloved niece are at least equal, in my judgment, to the value of the estate herein bequeathed, and it is my will that no person or persons and no court shall question my judgment as to the value of such services.

"The provisions made in this item for my said beloved niece, Florence E. Schlotterback, are made subject only to the provisions of Items one and two, of this my last will and testament."

Her last will and testament was probated September 26, 1932, and letters testamentary thereon were issued to Florence Schlotterback.

On September 25, 1932, Jesse Lock died testate and letters testamentary on his last will and testament were issued to Perry E. Ort on October 3, 1932.

Thereafter claims totaling the sum of $349.97 for nursing and medical services rendered to Hettie Lock during her last illness and for services rendered in her burial were filed in the matter of the estate of Jesse Lock, deceased. Later the separate claims were heard before the Whitley Circuit Court and each was allowed by said court and ordered paid from the assets of the estate of said Jesse Lock, deceased.

Some time later the executor of the last will and testament of Jesse Lock filed an amended petition and claim

in the matter of the estate of Hettie Lock, deceased, praying that he be allowed a claim against the estate of said Hettie Lock, deceased, for the above amount. Appellant's demurrer to this pleading was overruled and she then filed her answer to which appellee's demurrer was sustained. Appellant then filed a general denial. On the issues thus formed trial was had by the court and the court ordered that the "claimant, Perry E. Ort, executor of the last will and testament of Jesse Lock, deceased, do have and recover of and from the defendant, Florence Schlotterback, executrix of the last will and testament of Hettie Lock, deceased, the sum of $349.97 together with interest at the rate of six per cent per annum and without relief from valuation and appraisement laws."

Appellant's motion for new trial was overruled and this appeal followed. Errors properly assigned are that the court erred in (1) overruling appellant's demurrer to the appellee's amended complaint and (2) overruling appellant's motion for new trial. The grounds or causes of the motion for a new trial discussed in the briefs are that the decision is contrary to law and is not sustained by sufficient evidence and error in the admission in evidence of the will of Hettie Lock and of the probate thereof.

All of these alleged errors raise the only question presented and it is, was it possible for the testatrix, a married woman, by the terms of her will, to charge her estate with the expense of her last illness and burial, and thereby relieve her husband of his common law liability to pay such expense?

A married woman's right to dispose of her separate estate as she sees fit was fixed by the Acts of 1859, ch. 141, §1, p. 245, being §§7-101 and 7-102 Burns 1933 and §§3351, 3352 Baldwin's 1934. The legal disabilities of a married woman to contract have

been abolished and she may make herself personally liable for such obligations as are not excepted by statute. §38-101 et seq. Burns 1933, §5644 Baldwin's 1934. To make her separate estate liable for the payment of the expense of her last illness and burial is not one of the exceptions.

From the entire will it is apparent that the testatrix was well advised as to the law prior to the preparation of her will. Not only did she amplify the intention she expressed in Item 1 by the provisions of Item 2 but again in Item 3, in giving the balance of her estate to her niece, said "The provisions made in this item for my beloved niece, Florence E. Schlotterback, are made subject only to the provisions of Items 1 and 2 of this my last will and testament." She did not rely upon a construction of Item 1, in the light of the common-law obligations of her husband, which construction might have defeated her intention. She anticipated the payment of the expense of her last illness and burial by her husband under the liability imposed upon him by the common law and, in order to meet this contingency, made the specific bequest to him of the amounts which he, under his common-law liability, was obligated to pay. She stated the reason for making the bequest to her husband, and thereby removed every vestige of doubt as to her intention. She considered that she was limiting and decreasing, not enlarging her husband's interest in her estate and in reference thereto said "I make this bequest because of the fact that my estate consists of personal property derived largely *from the sale of real estate of which I was seized at the time of my marriage to my said beloved husband.*" She felt that if her husband took the portion of her estate that she gave him instead of his taking under the law, that her separate estate would thereby benefit, and as part of the inducement that her husband take that part of her

estate that she desired him to have, she charged her estate with his common-law liability—the payment of the items here in suit.

Appellant here does not contend that the will of Hettie Lock was not valid but seeks to deprive the husband of a portion of the testatrix's estate which testatrix intended that he should have, as is clearly disclosed by her will.

The testatrix emphasized the importance to her of the payment of the expense of her last illness and burial from her separate estate by placing the testamentary provision therefor first in her will and by supporting it with a direct statement that it was made for the benefit of her husband. The interest of the residuary legatee is clearly subject to the bequest in favor of testatrix's husband, which bequest she considered of paramount importance.

In the case of *Recop, Exr.* v. *Blackwell et al.* (1922), 79 Ind. App. 232, 153 N. E. 515, the court recognized the common-law liability of the husband, behind which appellant would seek to hide in violation of the terms of the will herein, but said "We are not aware of any rule of law which prohibits a married woman from making, by the terms of her will, the expense of her sickness and burial a charge upon her separate estate." While this is dicta it shows the thought that existed in the minds of the judges of this court, at that time, with reference to the question herein involved. See also *Kenyon* v. *Brightwell* (1904), 120 Ga. 606, 613, 48 S. E. 124, 180.

This court in the case of *Phillips, Admr.* v. *Tribbey* (1924), 82 Ind. App. 68, 151 N. E. 262, 144 N. E. 145, 861, in discussing ultimate liability in reference to expense of burial of a wife, said: "Ultimate liability is not a matter with which he (the undertaker) is concerned, but constitutes a question which may arise

between the surviving husband and the personal representative of the decedent in a separate action, or by proper pleadings and service of process, if a claim is filed against the estate for such expenses. It seems clear to us that in whatever form the question may arise in this State, with the common law still in force on the subject under consideration, as we had held, the ultimate liability for the funeral expenses of a deceased wife rests on the surviving husband, *unless relieved therefrom by some contractual or testamentary provision."* The testamentary provisions are the controlling feature herein.

Judgment affirmed.